UNITED STATES, Appellee,

v.

**Specialist Four (E–4) Gregory M. AL-BRECHT, SSN 509–62–1234, United States Army, Appellant.**

**CM 435350.**

U. S. Army Court of Military Review.

12 Oct. 1977.

Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, Captain Buren R. Schieds, III, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major John T. Sherwood, Jr. JAGC, Captain Russell S. Estey, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Judge:

Charged with wrongfully possessing heroin (specification 1) and marihuana (specification 2), the appellant was tried in a general court-martial. His plea of guilty was taken by the military judge, who thereupon found him guilty of both offenses. The sentence was adjudged by court members.

█ The offenses were multiplicious for sentencing purposes because both drugs were possessed simultaneously and were found in a search of the appellant's quarters. *United States v. Hughes*, 24 U.S.C. M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976). Therefore, the military judge, apparently pursuant to a rule developed by himself, permitted the court members to be informed of only one of the findings of guilty. The prosecutor elected to inform them of the heroin offense. After the usual presentencing proceedings, the court adjudged a sentence limited to confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence, but, pursuant to the pretrial agreement concerning the plea of guilty, reduced the period of confinement to six months and reduced the forfeitures to loss of $200.00 pay per month for two months.

There is some question whether the convening authority, by approving the sentence, approved both findings of guilty or only the one finding that was before the court members when they adjudged the sentence. Because of that, The Judge Advocate General referred the case to this Court for review pursuant to authority contained in Article 69 of the Uniform Code of

Military Justice, 10 U.S.C. § 869. A second issue has been raised because, in arguing on the sentence, the prosecutor commented on the appellant's failure to testify during the sentence proceedings.

I

The appellant's first assignment of error is that the convening authority erred in approving the finding of guilty of possessing marihuana. His brief recognizes the argument made for referring the case to this Court, namely, that the convening authority's approval of a sentence based on only one of two findings left the other finding (possession of marihuana) "inchoate, unapproved." But the approval of a sentence operates, unless there is an expression to the contrary, to approve all findings. Article 64, UCMJ, 10 U.S.C. § 864; Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 89c(3). Accordingly, the brief argues that the convening authority's approval of the sentence approved the finding of guilty of specification 2, but erroneously so because there had been no sentence passed as to that offense. He asserts that the convening authority should have disapproved that finding and that a new action is required. We shall grant the ultimate relief desired, but not for those reasons.

■ We do not consider that the sentence adjudged by the court must be viewed as applying only to the specification of which the members were informed any more than would be the case had they been informed of both offenses, but told that their sentence could take only the one into account. Certainly the procedure employed was merely an attempt to assure that ineligible considerations did not intrude into the sentence determination and to give it any greater effect would be to elevate form over substance. Alternatively, if the sentence pertains only to the offense of which the court members knew, the convening authority still did not err. In military practice, findings of guilty may be made or approved without any sentence at all. See United States v. Speller, 8 U.S.C.M.A. 363,

369, 24 C.M.R. 173, 179 (1957); United States v. Tope, 47 C.M.R. 294, 298 (A.C.M.R. 1973); United States v. Conway, 43 C.M.R. 779, 782 (A.C.M.R.1971); United States v. Brand, 29 C.M.R. 668, 671 (N.B.R.1959). That would be the effect of the convening authority's action in this case, for he knew that he was approving two findings of guilty even though only one had been submitted to the court members.

■ Nevertheless, we shall set aside the findings as to specification 2. This, we believe, is what the trial judge might most appropriately have done once he determined that the guilty plea was provident, determined that the offenses were multiplicious, and perceived that separate charging was not necessary to enable the Government to meet the exigencies of proof. See United States v. Williams, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968). Indeed, except to preserve the largely academic appellate question we have discussed above, the judge's action was tantamount to dismissing specification 2. We supply the omission. Cf. United States v. Conway, supra. Sentence relief will not be required. See United States v. Walters. 47 C.M.R. 93 (A.C.M.R. 1973).

II

■ At the outset of the sentence proceedings the military judge accurately advised the appellant of his right to make a sworn or unsworn statement except that he omitted express mention of the corollary right to remain silent. The omission has been regarded as error. See, e. g., United States v. Annis, 54 C.M.R. 900, 903, 2 M.J. 1100 (A.C.M.R.1977). The error was not prejudicial, however, for the record discloses that the appellant, although introducing other evidence, consciously chose to remain silent. The issue before us is the effect of the trial counsel's comment to the court members on that silence, which occurred in the following context:

TRIAL COUNSEL: Mister President, and members of the Court, what the defense has done in argument is present their plea for leniency to you. What they

have failed to do, I think is answer the underlying question; what you must be asking yourselves, a question which would be very proper to ask yourselves so that you may know what is the proper penalty to impose on this accused who has been found guilty of possession of that heroin today. The most fundamental, underlying question is: If this soldier was such an exceptional individual, why was he possessing the drug in the first place? That is a violation of the statute, a violation which is not uncommon in the military unfortunately, a violation which is very well known to everyone in the military. So it must have been known to the accused that it was a violation. We do not have that question answered. If this man is so exceptional, if he is the soldier to whom we must give an honest break— if he is that man, why is there no explanation of that possession? And, there is none for you today. We have no knowledge. What we do have is some implication of use.

MILITARY JUDGE: Well, in terms of your comment concerning an explanation, you do not want to make a comment on the accused's failure to take the stand.

TRIAL COUNSEL: Yes, your Honor. I'm commenting on the point.[1]

MILITARY JUDGE: All right.

TRIAL COUNSEL: Furthermore, Court members, this is the question which we have to address ourselves to. If this individual is entitled to the break the defense has asked you to give him today, we must understand and we must appreciate exactly what he has done. . . .

Citing *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the appellant argues that the trial counsel's argument was prejudicial per se and that the error was not waived by the trial defense counsel's failure to object or to request a cautionary instruction. Government coun-

sel reply that the right to remain silent in the separate sentencing proceedings does not have the same constitutional basis as the right to remain silent during trial on the merits and that, in the light of the sentence imposed and the lack of objection from the defense counsel, the error was harmless. Neither position is wholly correct.

■ The right of a person accused of crime to remain silent and his protection from adverse comment on the exercise of that right, stem from the fifth amendment to the Constitution. *Griffin v. California, supra.* These rights exist not only during trial on the issue of guilt or innocence, but during an ensuing separate sentencing proceeding as well. *See United States v. Dupree,* 40 C.M.R. 444, 446–47 (A.B.R.1968); *United States v. Barker,* 35 C.M.R. 779, 789–90 (A.F.B.R.1965); *United States v. Weller,* 18 C.M.R. 473, 483 (A.F.B.R.1954); *People v. Hill,* 66 Cal.2d 536, 426 P.2d 908, 922–24 (1967), *cert. denied sub nom., Saunders v. California,* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967). Although the right to remain silent during sentencing proceedings is made express by the Manual for Courts-Martial (paragraph 54*h*, MCM, 1969 (Rev.Ed.)), and the protection from comment on the exercise of that right may be said to have a statutory basis (*see* 18 U.S.C. § 3481), we share the view of the California Supreme Court that these rights have the same constitutional basis as applicable to trial on the merits. *See People v. Hill, supra.*[2]

■ We agree with the appellant's contention that the inactivity of his counsel did not waive the error that occurred when the trial counsel commented on the appellant's silence. As Chief Judge Fletcher, concurring in *United States v. Knickerbocker,* 25 U.S.C.M.A. 346, 54 C.M.R. 1072, 2 M.J. 128 (1977), said—

1. Because of the apparent anomaly created by this remark and the ensuing reply, we sought and obtained assurance from counsel that the record is accurate.

2. It is only coincidental, but of interest, that *Griffin v. California, supra,* also involved the separate California penalty proceedings. But the defendant testified in the sentencing proceedings and the issue concerned comment on his silence during trial on the merits.

[R]ecently we have properly shifted the primary responsibility for precluding improper argument from the defense counsel to the trial judge. *See United States v. Shamberger,* 24 U.S.C.M.A. 203, 51 C.M.R. 448, 1 M.J. 377 (1976); *United States v. Nelson,* 24 U.S.C.M.A. 49, 51 C.M.R. 143, 1 M.J. 235 (1975).

*Id.* at 351, 54 C.M.R. at 1077, 2 M.J. at 131. *Cf. United States v. Grunden,* 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (1977); *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975); *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).

Because the error is of constitutional dimensions, we cannot regard it as harmless unless we are convinced beyond a reasonable doubt that it did not contribute to the severity of the appellant's sentence. *See United States v. Moore,* 24 U.S.C.M.A. 217, 51 C.M.R. 514, 1 M.J. 390 (1976); *United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176, 238 (1975). In this instance, we are convinced beyond a reasonable doubt that the error was harmless. The absence of any objection or request for a curative instruction by the defense counsel is some indication of minimal impact on the court members. *United States v. Nelson,* 24 U.S.C.M.A. 49, 52 n.6, 51 C.M.R. 143, 146 n.6, 1 M.J. 235 (1975). The argument seems neither particularly persuasive nor forceful (amounting to little more than the truism that, whatever an accused's good qualities, he has been convicted of an offense or would not be before the court for sentencing). The sentence adjudged was significantly less than the maximum in that no punitive discharge was included and, whereas the maximum confinement could have been for two years, only one year was imposed. Of equal importance is the fact that the adjudged sentence would have to have been far more lenient than it was to benefit the appellant, who had entered into an agreement with the convening authority limiting confinement and forfeitures (albeit partial rather than total) to a six month term and providing for suspension of a discharge for six months. Under these circumstances, we think the appellant's approved sentence was entirely unaffected by the trial counsel's improper argument.

The finding of guilty of Specification 2 of the Charge is set aside and that charge dismissed. The remaining findings of guilty are affirmed. The sentence is affirmed.

Senior Judge JONES and Judge FELDER concur.