**UNITED STATES, Appellee,**

v.

**Private First Class Jack E. GORDON, SSN 489–66–2012, United States Army, Appellant.**

**CM 436638.**

U. S. Army Court of Military Review.

28 April 1978.

Major Benjamin A. Sims, JAGC, and Captain Raoul L. Carroll, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Captain Stephen P. Henderson, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

In a case tried eight days after the decision in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the appellant pleaded guilty to stealing fragmentation and other type grenades, flares, simulators, ammunition and binoculars in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, confinement at hard labor for 21 months, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority approved the sentence but suspended the confinement in excess of nine months.

At trial the prosecution offered in evidence three records of punishment pursuant to Article 15, UCMJ. The trial defense counsel stated he had no objection.[1] The military judge, aware of the *Booker* decision, proceeded to question the appellant in accordance with the requirement to "conduct an inquiry on the *record* to establish the necessary information   .   .   ." as to the existence of a valid personal waiver by the appellant of his right to consult with counsel and to demand trial. 5 M.J. at 244. Before questioning the appellant, the military judge did not advise him of his right to remain silent.

Appellant argues that the questioning of appellant to establish the admissibility of the Article 15's, without first advising him of his right to remain silent, was improper. He contends that the unwarned inquiry violates paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition), and is void as against public policy because it forced him to give testimony

---

1. The military judge insured that trial defense counsel was aware of the decision in *United* *States v. Booker*, 5 M.J. 238 (C.M.A.1977), as he recessed the court to permit him to read it.

establishing the admissibility of sentence-aggravating evidence.

The Government contends that the judge's inquiry was permitted under the *Booker* decision, was "historical in perspective", and was not incriminating. The Government also argues that the military judge's inquiry was unnecessary because the record of non-judicial punishment demonstrated the necessary warning and the valid waiver, and in any event there was no prejudice to the appellant.

We agree with the Government that the Article 15 record of punishment form establishes a valid written waiver. *United States v. Washington*, 5 M.J. 615 (A.C.M.R. 1978). The judge's inquiry was, therefore, unnecessary. We find it advisable, however, to proceed further and state our views on the procedure employed by the judge in questioning the appellant regarding the advice given to him and the waiver of the right to demand trial.

The Fifth Amendment to the Constitution of the United States, provides that:

> No person . . . shall be compelled in any criminal case, to be a witness against himself . . . .

This right is not limited to testimony on the question of guilt or innocence, as indicated by this comment of the Supreme Court in a case involving a bifurcated criminal proceeding:

> The relevant differences between sentencing and determination of guilt or innocence are not so great as to call for a difference in constitutional result. *McGautha v. California*, 402 U.S. 183, 217, 91 S.Ct. 1454, 1472, 28 L.Ed.2d 711 (1971).

Paragraph 53*h*, MCM, 1969 (Rev.), expressly mentions the right to remain silent during the sentencing portion of the trial,[2] and this Court recognizes the right as having the same constitutional basis as the right to remain silent on the merits. *United States v. Albrecht*, 4 M.J. 573 (A.C.M.R.1977).

In the instant case the judge, by his questions, required the appellant to testify against himself and furnish evidence which established to the satisfaction of the judge the admissibility of the records of non-judicial punishment. These records were for the purpose of aggravating the punishment. Paragraph 75*d*, MCM, 1969 (Rev.). We find this procedure violated appellant's right under the Fifth Amendment and paragraph 53 *h*, MCM 1969 (Rev.), to remain silent. As we indicated previously, however, the records were admissible without the inquiry and the testimony in no manner prejudiced the appellant.[3]

The findings of guilty and the sentence are affirmed.

MITCHELL, J., concurs.

DeFORD, Judge, concurring separately:

I would join my brothers views in this case except for the following statement set forth on page 654 of their opinion concerning *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), "We agree with the Government that the Article 15 record of punishment form establishes a valid written waiver, *United States v. Washington*, 5 M.J. 615 (A.C.M.R.1978)." In *United States v. Washington, supra*, by separate opinion, I expressed the view that the decision in *United States v. Booker, supra*, does not, at the present time, apply to the admission into evidence of non-judicial punishments during the sentencing portion of trials by court-martial. I adhere to that position, although I agree with the majority's views concerning the violation of the appellant's rights under the Fifth Amendment to the Constitution of the United States of America.

---

**2.** Although the change to paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition), was primarily concerned with an accused's right of allocution, that does not affect the fact that the provision also recognizes the right to remain silent.

**3.** Even if we assume that but for the testimony of the appellant, the military judge would have erroneously rejected the documents as evidence, we are convinced beyond a reasonable doubt that appellant was not prejudiced by their admission into evidence, in view of the relatively light sentence imposed for these serious offenses.