UNITED STATES, Appellee,

v.

Specialist Five Steven MILLS, SSN
248–02–1444, United States
Army, Appellant.

CM 437370.

U. S. Army Court of Military Review.

30 April 1979.

Mr. Robert G. Cabell, Jr., argued the cause for the appellant. With him on the brief were Major Benjamin A. Sims, JAGC, Captain James H. Weise, JAGC, and Captain Allan T. Downen, JAGC.

Captain Douglas P. Franklin, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

This case is before us for mandatory review pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866.

Specialist Five Steven Mills, contrary to his pleas, was convicted by a general court-martial with members of attempted sale of heroin, escape from custody, and possession of five pounds of marihuana. These offenses were charged as violations of Articles 80, 95, and 134, UCMJ, respectively, 10 U.S.C. §§ 880, 895, and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for eight years, forfeiture of $300 per month for 96 months, and reduction to the lowest enlisted grade. The convening authority set aside the findings of guilt as to escape from custody and reduced the period of confinement to seven years. Otherwise he approved the remaining findings of guilt and the sentence as adjudged.

### I

Appellant alleges that the Government failed to prove beyond a reasonable doubt that he attempted to sell heroin and that he possessed marihuana. Our review of the record of trial convinces us otherwise. In reaching this decision, we assumed without deciding that the stipulation of fact to which appellant, before us and for the first time, objects was improperly admitted into evidence. Nevertheless, we find the evidence adduced at trial relating to each of these charges is sufficient to convince us beyond a reasonable doubt of appellant's guilt in each instance.

### II

Appellant next alleges that the military judge erred in refusing to grant a mistrial on the basis that the trial counsel's argument as to sentencing reflected largely upon appellant's failure to call witnesses and present evidence in extenuation and mitigation. He also alleges that this argument contained other prejudicial and inflammatory remarks. The part of the prosecutor's argument targeted by appellant reads thusly:

. . . You have heard no evidence on extenuation and mitigation. No evidence has been presented by the defense to show you that this Specialist Five is a good soldier. He's not even claiming to be a good soldier. He presents no evidence from his unit. He obviously [sic] doesn't have to if he doesn't want to, but he hasn't. Surely someone could come in here and say that he is a good soldier. But, there's nobody here saying that. These offenses are extremely serious offenses. They are offenses which involve the very heart of discipline in the Army. What Steven Mills has been doing, he has been utilizing the United States Army to traffic drugs in Europe. I feel this is totally unacceptable and intolerable behavior. I feel that this is worse than bad conduct. I feel [sic] that this is absolutely intolerable conduct for any service member, expecially [sic] an E5.

In support of his contention that the sentencing argument was prejudicially erroneous, appellant refers us to the trial counsel's argument on findings. In that argument, the trial counsel implied the burden rested with appellant to produce witnesses to exculpate himself, and to explain who, if not the appellant, was responsible for delivery (and attempted sale) of the heroin and possession of the marihuana involved. Trial counsel also lumped the offenses into a catch-all situation whereby the guilt of any offense charged was indicative of guilt of all the offenses alleged.

The defense counsel objected to the argument relating to the merits and curative instruction was given by the military judge.

Appellant concedes that the curative instruction may have neutralized this improper argument for the time being. Notwithstanding, appellant argues that the harm of the remarks relating to findings was resurrected by the further improper comments of the prosecutor pertaining to the sentence. He contends that this cumulative error incurably tainted the sentencing proceedings and asks for a rehearing on sentencing.

### III

The fifth Amendment's proscription against compulsory self-incrimination precludes any comment by the trial counsel to the court members on the defendant's failure to testify. *Griffen v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Albrecht,* 4 M.J. 573, 576 (A.C.M.R.1977); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 72*b.* *See also United States v. Bowen,* 10 U.S.C.M.A. 74, 27 C.M.R. 148 (1958) and *United States v. Skees,* 10 U.S.C.M.A. 285, 27 C.M.R. 359 (1959). This protection extends to the sentence proceedings as well as to the trial on the issue of guilt or innocence. *United States v. Albrecht, supra.*

In our view, the trial counsel's comments relating to sentencing were of such a nature that the court members would naturally and necessarily view them as a reference to the accused's failure to testify. Therefore they were improper. *United States v. Gordon,* 14 U.S.C.M.A. 314, 318, 34 C.M.R. 94, 98 (1963).[1] Even in these circumstances, however, their harm can be alleviated if the trial judge gives proper cautionary instructions. *United States v. Knickerbocker,* 2 M.J. 128 (C.M.A.1977); *United States v. Dioguardi,* 492 F.2d 70, 81–82 (2d Cir. 1974). Because adverse comment on accused's right to silence is an

error of constitutional dimension, we must be convinced beyond a reasonable doubt that it did not contribute to the severity of appellant's sentence. *United States v. Moore,* 1 M.J. 390 (C.M.A.1976); *United States v. Ward,* 1 M.J. 176 (C.M.A.1975); *United States v. Albrecht, supra,* at 577. We need not make that determination in this instance because there is other error in the trial counsel's argument which requires us to set aside the sentence.

### IV

The trial counsel's comment that the appellant was utilizing the United States Army to traffic drugs in Europe is without any support by the evidence adduced at trial. It is a gratuitous, unwarranted personal opinion of the trial counsel, who failed to profit by the military judge's ruling regarding his improper argument relating to the merits. The trial counsel's impropriety upon which the trial judge failed to address the jury fits the description and deserves the disposition of similar argument condemned in the following terms in *United States v. Sitton,* 4 M.J. 726, 727–728 (A.F.C.M.R.1977).

The clear implication of this argument is that the accused was involved in other, prior misconduct concerned with drugs. There is absolutely no evidence in the record to justify this inference and the remarks of trial counsel. It was incumbent upon the military judge to interrupt his argument and *sua sponte* instruct the court members to disregard the comments of trial counsel. *United States v. Grunden,* 25 U.S.C.M.A. 327, 54 C.M.R. 1053 (Interim), 2 M.J. 116 (1977), *United States v. Bryant,* 12 U.S.C.M.A. 111, 30 C.M.R. 111 (1961). We again must call the attention of trial personnel to the oft-quoted words of Chief Judge Fletcher:

defendant is not the only person who could contradict or refute the government's case. *United States v. Saint John,* 23 U.S.C.M.A. 20, 48 C.M.R. 312 (1974); *United States v. Cazenave,* 28 C.M.R. 536 (ABR 1959); *United States v. Hanna,* 7 C.M.R. 571 (AFBR 1952); *United States v. Thurmond,* 541 F.2d 774, 776 (8th Cir. 1976).

---

1. We distinguish the situation herein from one where the trial counsel's remarks, rather than referring to failure of an accused personally to testify, relate only to the failure of the defense to refute or contradict the government's theory of the case. In the latter instance, there is no error for the prosecutor to point out that the government's evidence is uncontradicted if the

No evidence can so fester in the minds of court members as to the guilt or innocence of the accused as to the crime charged as evidence of uncharged misconduct. Its use must be given the weight of judicial comment, i. e., an instruction as to its limited use.

In the case of this accused, the argument of trial counsel did not even amount to comment upon properly admitted evidence of uncharged misconduct. His statements were completely unjustified and approached a violation of the ethical standards of the American Bar Association. (Footnotes omitted.)[2]

### V

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge MITCHELL and Judge FELDER concur.

---

**2.** *See also United States v. Doctor,* 7 U.S.C. M.A. 126, 21 C.M.R. 252 (1956); *United States v. Knickerbocker,* 2 M.J. 128 (CMA 1977); *United States v. Tanksley,* 7 M.J. 573 (ACMR 30 March 1979).