**UNITED STATES, Appellee,**

v.

**Sergeant Jimmy CARR III, 191–50–6740, United States Army, Appellant.**

**ACMR 8601342.**

U.S. Army Court of Military Review.

18 Nov. 1987.

For Appellant: Major Dale K. Marvin, JAGC, Major Kenneth J. Wernick, JAGC USAR, Captain Frank J. DiGiammarino, JAGC USAR, Captain Floyd T. Curry, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Major Daniel N. Velling, JAGC USAR (on brief).

Before FELDER, GILLEY, and ROBBLEE Appellate Military Judges.

### OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of rape and attempted forcible sodomy in violation of Articles 120 and 80, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 880 (1982). The members sentenced appellant to a dishonorable discharge, confinement for eight years, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence as adjudged.

Appellant urges two assignments of error before this court—first, that the evidence was insufficient to establish guilt of rape and attempted forcible sodomy beyond a reasonable doubt, and, second, that the military judge erred to the substantial prejudice of the appellant by allowing the trial counsel to argue in aggravation of appellant's sentence the effect of confrontation and cross-examination on the prosecutrix.

As to the former claim of error, we have examined the record of trial and find therein sufficient competent evidence establishing, beyond a reasonable doubt, the existence of all elements of the offense charged. *United States v. Myers*, 14 M.J. 527, 528 (A.F.C.M.R.1982). Further, we are sensitive to the superior position of the members to judge the credibility and demeanor of witnesses. *United States v. Albright*, 26 C.M.R. 408, 411 (C.M.A.1958) (evidence sufficient to prove rape and sodomy charges); *United States v. Frierson*, 43 C.M.R. 292, 297 (C.M.A.1971); *United States v. Matthews*, 13 M.J. 501, 512 (A.C.

M.R.1982), *aff'd sentence rev'd on other grounds*, 16 M.J. 354 (C.M.A.1983). Accordingly, we reject appellant's first claim of error and proceed to the second.

The trial counsel's argument on sentencing prompted the following exchange at trial:

TC: Thank you, Your Honor. Colonel Doane, members of the court, rape is the sexual act by force and without the consent of a woman not the wife of the perpetrator. Couple that with attempted forcible oral sodomy and you have perhaps what next to murder is the most repulsive crime known to man. And that's why it carries such a stiff punishment—life imprisonment. It's a very heinous crime—forcing somebody to have sex with you against their will, without their consent. You saw yesterday the testimony of Eva. You saw how difficult it was for her to come in here and describe to a panel full of strangers—strange men—courtroom full of all men—what happened to her, and this wasn't the first time she's had to do it. She's been through a pretrial investigation. She's had to report it to the military police and the German police. *This has been going on for over 2 months now. Not only has she had to come in here and testify she had to*....

DC: Your Honor, *I object. Sergeant Carr exercising his constitutional right to confront and cross-examine the witnesses against him is not a matter in aggravation.*

TC: Your Honor, *the effect that it's had on Eva is certainly a matter in aggravation.*

MJ: I'm going to over rule [sic] the objection. I think *it is arguably proper matter in aggravation, what she's had to go through as a result of the conviction of the crime.*

TC: Thank you, Your Honor. *She has had to undergo the constitutional right of the defendant to question and con-*

*front his witnesses—granted, but Eva nonetheless has had to undergo extensive direct examination and over an hour of cross-examination yesterday facing serious insinuations that she was lying....*

(Emphasis added).

The trial counsel concluded his argument by urging the court to impose a sentence which included 25 years confinement. Prior to closing the court to deliberate and vote on the sentence, the military judge instructed the members, *inter alia*, that they should consider all matters in aggravation and that the argument of counsel was not evidence.

It is fundamental that a court-martial should render its verdict on the basis of the evidence adduced at trial alone. *United States v. Clifton*, 15 M.J. 26, 29 (C.M.A. 1983). Likewise, it is axiomatic as the instruction of the military judge made clear, that the arguments of counsel are not evidence. *Id.* As a consequence, the law limits the argument of counsel to evidence of record and reasonable inferences drawn thereon. *United States v. Nelson*, 1 M.J. 235, 240 (C.M.A.1975). We conclude that when the trial counsel was permitted to argue the impact of confrontation and cross-examination upon the victim prior to sentencing, he argued an impact neither contained in the record nor an inference that might reasonably have been based thereon. This was improper. *See United States v. Nelson*, 1 M.J. 235 (C.M.A.1975).

More serious, however, is the fact that the trial counsel was allowed to argue adverse impact in aggravation [1] flowing from the appellant's exercise of his constitutional rights to confront and cross-examine witnesses against him. U.S. Const. Amend. VI. The trial counsel's argument was impermissible from this perspective as well.

As we have indicated, the right to confrontation and cross-examination origi-

---

1. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M.1984], Rule for Courts–Martial [hereinafter R.C.M.] 1001(b)(4), Discussion, pertinently provides that "evidence in aggravation may include evidence of financial, social, *psychological*, and medical impact on ... any person ... who was the victim of an offense committed by the accused...." (Emphasis added).

nates in the Sixth Amendment to the Constitution. It is a due process right which obtains not only as to the question of guilt or innocence during the findings phase of trial, but also as to the nature of any sentence which might be adjudged during the sentencing proceeding. Uniform Code of Military Justice, art. 46, 10 U.S.C. § 846, (parties to courts-martial "shall have equal opportunity to obtain witnesses and other evidence, in accordance with such regulations as the President may prescribe"). Manual for Courts–Martial, United States, 1984, [hereinafter M.C.M., 1984] Rules for Courts–Martial [hereinafter R.C.M.] 913(c) and 1001(a)(1) (parties to courts-martial guaranteed full opportunity to present evidence before findings and sentencing); M.C.M., 1984, Military Rules of Evidence [hereinafter Mil.R.Evid.] 101(a), 611(b), 614(a)(b), 1101 (Mil.R.Evid. applicable throughout courts-martial and assure parties right of confrontation and cross-examination). *Cf. United States v. Mills*, 7 M.J. 664, 666 (A.C.M.R.1979); *United States v. Albrecht*, 4 M.J. 573, 576 (A.C.M.R.1977) and cases cited therein. As a consequence, we find that it is inappropriate that any party to a court-martial should be allowed to profit, directly or indirectly, by argument on findings or sentence regarding an exercise of a constitutionally protected criminal due process right. *Cf. United States v. Clifton*, 15 M.J. at 31; *United States v. Albrecht*, 4 M.J. at 576. While ensuring fundamental fairness at trial unavoidably impacts upon all parties thereto, such "impacts," in our view, relate directly to the due administration of the military justice system rather than to offenses on which there are findings of guilty. Accordingly, argument urging systemic impact resulting from the exercise of constitutional rights at trial is impermissible in aggravation. R.C.M. 1001(b)(4) (matters in aggravation must directly relate to or result from the offenses of which an accused has been convicted).

Since the error at bar is constitutionally grounded, we cannot conclude it harmless, absent a finding, beyond a reasonable doubt, that it did not make the appellant's sentence more severe. *United States v. Mills*, 7 M.J. at 666 citing *United States v. Moore*, 1 M.J. 390 (C.M.A.1976); *United States v. Albrecht*, 4 M.J. at 577; *United States v. Ward*, 1 M.J. 176 (C.M.A.1975).

Although appellant's adjudged sentence to confinement was less than one-third of that which the trial counsel sought and well-short of the life sentence which could have been adjudged, we cannot be certain beyond a reasonable doubt that such argument was without effect upon the members of the court-martial. Accordingly, we will reassess the sentence. *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986).

We have considered those errors raised personally by the appellant and find them to be without merit.

The findings of guilty and only so much of the sentence as provides for a dishonorable discharge, confinement for six years, total forfeitures, and reduction to Private E–1 are affirmed.

Senior Judge FELDER and Judge GILLEY concur.