UNITED STATES, Appellee

v.

Marcus W. STEPHENS, Staff Sergeant
U.S. Air Force, Appellant

No. 08-0589

Crim. App. No. 36682

United States Court of Appeals for the Armed Forces

Argued January 12, 2009

Decided March 12, 2009

STUCKY, J., delivered the opinion of the Court, in which ERDMANN and RYAN, JJ., joined.  BAKER, J., filed a separate opinion concurring in the result, in which EFFRON, C.J., joined.


Counsel


For Appellant:  Dwight H. Sullivan, Esq. (argued); Major Shannon A. Bennett, Captain Anthony D. Ortiz, and Captain Tiffany M. Wagner (on brief).


For Appellee:  Captain Coretta Gray (argued); Colonel Gerald R. Bruce and Major Jeremy S. Weber (on brief); Major Matthew S. Ward and Captain John M. Simms.


Military Judge:  Mary M. Boone


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge erred by allowing the father of the victim to testify in sentencing about the effect the investigation and court-martial had on the victim. We hold that there was no error and affirm.

## I.  Background

Appellant, a twenty-one-year-old staff sergeant (E-5) was charged with inappropriately touching his thirteen-year-old cousin by marriage on two occasions at family parties, once in December 2003 and the other in August 2004. Appellant pled not guilty to carnal knowledge, sodomy, and indecent acts. Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). A general court-martial with members convicted him of attempted carnal knowledge, attempted sodomy, and indecent acts, all in August 2004. Article 80, UCMJ, 10 U.S.C. §§ 880 (2000); Article 134, UCMJ. He was acquitted of the sole specification (indecent acts) that was alleged to have occurred in December 2003.

The victim, BU, testified at length via closed-circuit television in the findings phase of the trial. She did not testify on sentencing. During the Government's sentencing case, the trial counsel called the victim's father to testify about the effect the crimes had on her. He testified concerning her emotional state and the fact that she no longer appeared to

enjoy sports or other activities.  The trial counsel then asked him the following question:  "How about the effect of this process, the investigation and her testifying and what not, how has that impacted her and how has it impacted you?"  The following exchange then took place:

CDC2:  Your honor, we would object to the relevance of this testimony.

MJ:  I'll allow it, it goes to victim impact.  I'll allow it, go ahead.

CDC2:  Your honor, we object.  They are asking to penalize the Defendant for invoking his right to have a trial and the process involved with that.

MJ:  Well, I think you need to focus a little bit, but the process is okay, what she has had to go through. That is fine, go ahead, focus it a little more.

CDC2:  Your honor, is that overruled?

MJ:  Yes, in one sense.  He can go through what the effect of it since this has come about until now and she has had to testify, the impact and the effect on her and that means as she has gone through the process, just the impact, emotionally on her.

CDC2:  Very [w]ell, your honor.

MJ:  You can talk about that.

TC:  Thank you.

WIT:  It has been totally devastating, what she has had to go through, what she has had to put up with; the constant retelling to different people, to different systems of the court system.  I mean, to keep bringing it slamming it in her face, I mean, ya'll just don't have a clue what this has done to my

daughter.  She is nowhere near the same daughter that she was before.  It has just totally changed her one hundred percent.

The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  The United States Air Force Court of Criminal Appeals affirmed.  United States v. Stephens, 66 M.J. 520, 529 (A.F. Ct. Crim. App. 2008).

## II.  Analysis

We test a military judge's admission or exclusion of evidence, including sentencing evidence, for an abuse of discretion.  United States v. Manns, 54 M.J. 164, 166 (C.A.A.F. 2000).  Rule for Courts-Martial (R.C.M.) 1001(b)(4) provides as follows:

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty.  Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person . . . who was the victim of an offense committed by the accused . . . .

Testimony as to the effect of the process, including the trial, on the victim, as was admitted here, certainly comes within the rather broad ambit of this rule.  Of course, a rule or other provision of the Manual for Courts-Martial cannot sanction a violation of Appellant's constitutional rights.  See United

4

States v. Lopez, 35 M.J. 35, 39 (C.M.A. 1992) (noting that the military justice system has hierarchical sources of rights beginning with the Constitution and that "[n]ormal rules of statutory construction provide that the highest source authority will be paramount, unless a lower source creates rules that are constitutional and provide greater rights for the individual"). Furthermore, sentencing evidence is subject to the requirements of Military Rule of Evidence (M.R.E.) 403. United States v. Hursey, 55 M.J. 34, 36 (C.A.A.F. 2001) (citing United States v. Rust, 41 M.J. 472, 478 (C.A.A.F. 1995)). When the military judge conducts a proper balancing test under M.R.E. 403 on the record, her ruling will not be overturned absent a clear abuse of discretion; the ruling of a military judge who fails to do so will receive correspondingly less deference. Id.; Manns, 54 M.J. at 166. Here, while the military judge limited the ambit of the father's testimony, she did not perform the balancing test on the record.

Appellant, citing United States v. Mobley, 31 M.J. 273 (C.M.A. 1990), United States v. Carr, 25 M.J. 637 (A.C.M.R. 1987), and Burns v. Gammon, 260 F.3d 892 (8th Cir. 2001), argues that the father's testimony was an impermissible comment on Appellant's right to plead not guilty, confront the witnesses against him, and put the Government to its proof, and hence constitutional error.

This case is not analogous to the cases cited.  In Mobley, the trial counsel called attention to the accused's failure to testify by apostrophizing at length, asking rhetorical questions of the mute accused and providing his own answers.[1]  Both Carr and Burns were cases in which the government, at trial, explicitly commented on the fact that the appellant's invocation of his constitutional right to a trial forced the victim to endure the rigors of cross-examination and relive the experience of being attacked.  Carr, 25 M.J. at 638; Burns, 260 F.3d at 896.  Here, there was no explicit comment by the trial counsel or the father concerning Appellant's invocation of his rights but rather, a brief reference to the effect of the entire proceeding (including, but not limited to, the trial) on Appellant's victim.  Considering the facts of this case, we do not find the cited cases persuasive and find no constitutional violation.

This does not end the inquiry, however, as relevant evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

---

[1] 31 M.J. at 278-79.  We did not hold this to be error, but vacated and remanded.  Id. at 280.  On remand, the Air Force Court of Military Review found error but held it to be constitutionally harmless.  United States v. Mobley, 34 M.J. 527, 529, 531-32 (A.F.C.M.R. 1991).  We summarily affirmed. United States v. Mobley, 36 M.J. 34 (C.M.A. 1992).

M.R.E. 403.  When, as here, a military judge fails to conduct the M.R.E. 403 balancing test on the record, we will examine the record ourselves.  Manns, 54 M.J. at 166.

The overriding concern of M.R.E. 403 "is that evidence will be used in a way that distorts rather than aids accurate fact finding."  1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 403.02[4], at 4-27 (6th ed. 2006).  Doing so, we find that the father's testimony was probative because it showed specific psychological harm BU suffered as a result of Appellant's offense; she was no longer able to enjoy sports and other activities and had changed significantly.  See R.C.M. 1001(b)(4) (stating that aggravation evidence includes evidence of psychological impact on the victim).  The concern for unfair prejudice arises from the possibility that the court members might misuse this testimony as a comment on Appellant's right to confront and cross-examine the witness.  Under the circumstances of this case, we find that possibility remote.  The admission of this evidence did not distort accurate fact finding.  Limited as the father's testimony was by the military judge, its probative value in establishing specific harm to the victim was not substantially outweighed by any danger of unfair prejudice to Appellant.  The military judge did not abuse her discretion. The evidence was relevant victim impact evidence and properly admitted under R.C.M. 1001(b)(4).

We caution trial counsel introducing aggravation evidence under R.C.M. 1001(b)(4) to use care in eliciting testimony that may cross the line into impermissible comment on an accused's invocation of his constitutional rights. While we find no abuse of discretion here, it is not difficult, particularly in cases involving sexual abuse, to envision such a case.

III. Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Stephens, No. 08-0589/AF

BAKER, Judge, with whom EFFRON, Chief Judge, joins (concurring in the result):

Although I do not agree with the Court's conclusion that there was no error, I agree that Appellant was not prejudiced. For that reason, I concur in the result.

As the Court notes, this case is distinguished from United States v. Carr, 25 M.J. 637 (A.C.M.R. 1987), and Burns v. Gammon, 260 F.3d 892 (8th Cir. 2001), because the Government did not expressly comment on Appellant's constitutional right to trial or to remain silent. United States v. Stephens, __ M.J. __ (6) (C.A.A.F. 2009). Rather, the father testified during a series of questions about the impact that the crime, the process, and testifying had on his daughter. But the questions asked of the victim's father, while more opaque than in Carr and Burns, nonetheless implicated Appellant's constitutional right to trial. Significantly, defense counsel objected on that specific ground. Moreover, the question to which counsel objected was clearly segregated from the previous question, which dealt with the emotional impact of the offense generally. The question objected to dealt with the impact of the trial itself.

> TC: How about the effect of this process, the investigation and her testifying and what not, how has that impacted her and how has it impacted you?
>
> . . . .

> WIT:  It has been totally devastating, what she has had to go through, what she has had to put up with; the constant retelling to different people, to different systems of the court system.  I mean, to keep bringing it slamming it in her face, I mean, ya'll just don't have a clue what this has done to my daughter.  She is nowhere near the same daughter that she was before.  It has just totally changed her one hundred percent.

Therefore, the issue was plainly before the military judge and this is not a case where the issue is only found with the clear vision of line-by-line appellate hindsight.  Accordingly, the military judge was obliged to address whether the proffered testimony was directly related to the offense and legally relevant under Military Rule of Evidence (M.R.E.) 403.  See United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F. 2007) (citing two limitations on the admission of aggravation evidence, that such evidence is "'directly relating' to the offenses of which the accused has been found guilty" and passes the test of M.R.E. 403).  Here, it is clear that, for the purpose of M.R.E. 401 and Rule for Courts-Martial 1001(b)(4), the testimony directly related to the impact of the offense on the victim, including the testimony about the investigation and related proceedings.  See United States v. Rust, 41 M.J. 472, 478 (C.A.A.F. 1995) ("The phrase 'directly relating to or resulting from the offenses' imposes a 'higher standard' than 'mere relevance.'  Evidence is admissible on sentence which

shows 'the specific harm caused by the defendant.'") (citations omitted).

The problem is that the question and answer also referenced the victim's testimony at trial. As a result, on these facts the M.R.E. 403 balancing test should have broken in Appellant's favor. The probative value of the answer to this question was weak in light of the other extensive evidence of emotional impact. This evidence included the father's other testimony, the mother's testimony, and the expert opinion of the psychologist on sentencing; all of which discussed how the offense had affected the victim's emotional well-being and changed her as a person. Additionally, the victim testified for more than four hours during Appellant's court-martial, and the members could observe for themselves the emotional impact of the offense and subsequent process on her. On the other hand, the father's answer implicated Appellant's right to trial. In a court-martial before members, that raised the possibility that one or more members might sentence Appellant not only for his offense and its direct impact on the victim, but also for compelling the victim to endure the burden of testifying at trial, which is his constitutional right. That significant due process risk outweighed the probative value of the evidence.

However, in the final analysis, the error in M.R.E. 403 balancing was harmless for much the same reason that the

3

evidence was not probative.  The emotional impact on the victim was dramatic, self-evident during the victim's testimony, and substantiated through expert testimony.  For this reason, any error was harmless using either a constitutional or nonconstitutional standard.