BAKER, Judge,
with whom EFFRON, Chief Judge,
joins (concurring in the result):
Although I do not agree with the Court’s conclusion that there was no error, I agree that Appellant was not prejudiced. For that reason, I concur in the result.
As the Court notes, this case is distinguished from United States v. Carr, 25 M.J. 637 (A.C.M.R.1987), and Bums v. Gammon, 260 F.3d 892 (8th Cir.2001), because the Government did not expressly comment on Appellant’s constitutional right to trial or to remain silent. United States v. Stephens, 67 M.J. at 235-36 (C.A.A.F.2009). Rather, the father testified during a series of questions about the impact that the crime, the process, and testifying had on his daughter. But the questions asked of the victim’s father, while more opaque than in Carr and Bums, nonetheless implicated Appellant’s constitutional right to trial. Significantly, defense counsel objected on that specific ground. Moreover, the question to which counsel objected was clearly segregated from the previous question, which dealt with the emotional impact of the offense generally. The question objected to dealt with the impact of the trial itself.
TC: How about the effect of this process, the investigation and her testifying and what not, how has that impacted her and how has it impacted you?
WIT: It has been totally devastating, what she has had to go through, what she has had to put up with; the constant retelling to different people, to different systems of *237 the court system. I mean, to keep bringing it slamming it in her face, I mean, ya’ll just don’t have a clue what this has done to my daughter. She is nowhere near the same daughter that she was before. It has just totally changed her one hundred percent.
Therefore, the issue was plainly before the military judge and this is not a case where the issue is only found with the clear vision of line-by-line appellate hindsight. Accordingly, the military judge was obliged to address whether the proffered testimony was directly related to the offense and legally relevant under Military Rule of Evidence (M.R.E.) 403. See United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F.2007) (citing two limitations on the admission of aggravation evidence, that such evidence is “ ‘directly relating’ to the offenses of which the accused has been found guilty” and passes the test of M.R.E. 403). Here, it is clear that, for the purpose of M.R.E. 401 and Rule for Courts-Martial 1001(b)(4), the testimony directly related to the impact of the offense on the victim, including the testimony about the investigation and related proceedings. See United States v. Rust, 41 M.J. 472, 478 (C.A.A.F.1995) (“The phrase ‘directly relating to or resulting from the offenses’ imposes a ‘higher standard’ than ‘mere relevance.’ Evidence is admissible on sentence which shows ‘the specific harm caused by the defendant.’ ”) (citations omitted).
The problem is that the question and answer also referenced the victim’s testimony at trial. As a result, on these facts the M.R.E. 403 balancing test should have broken in Appellant’s favor. The probative value of the answer to this question was weak in light of the other extensive evidence of emotional impact. This evidence included the father’s other testimony, the mother’s testimony, and the expert opinion of the psychologist on sentencing; all of which discussed how the offense had affected the victim’s emotional well-being and changed her as a person. Additionally, the victim testified for more than four hours during Appellant’s court-martial, and the members could observe for themselves the emotional impact of the offense and subsequent process on her. On the other hand, the father’s answer implicated Appellant’s right to trial. In a court-martial before members, that raised the possibility that one or more members might sentence Appellant not only for his offense and its direct impact on the victim, but also for compelling the victim to endure the burden of testifying at trial, which is his constitutional right. That significant due process risk outweighed the probative value of the evidence.
However, in the final analysis, the error in M.R.E. 403 balancing was harmless for much the same reason that the evidence was not probative. The emotional impact on the victim was dramatic, self-evident during the victim’s testimony, and substantiated through expert testimony. For this reason, any error was harmless using either a constitutional or nonconstitutional standard.