# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### RECO D. COLE
### GUNNERY SERGEANT (E-7), U.S. MARINE CORPS

### NMCCA 201300318
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 15 April 2013.
**Military Judge:** LtCol Gregory L. Simmons, USMC.
**Convening Authority:** Commanding Officer, Headquarters Battalion, 1st Marine Division, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol D.P. Harvey, USMC.
**For Appellant:** CDR Christopher Geis, JAGC, USN.
**For Appellee:** LT Ann Dingle, JAGC, USN.

**31 January 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of two separate charges of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The appellant was sentenced to five months' confinement, reduction to pay grade E-2, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence, but

suspended confinement in excess of 100 days, in accordance with a pretrial agreement.

## Background

On 19 September 2012, charges were preferred against the appellant, a gunnery sergeant in the United States Marine Corps, alleging a violation of Article 1165, U.S. Navy Regulations, by having an unduly familiar relationship with eight subordinate Marines whom he supervised.[1]  On 18 January 2013, an additional charge was preferred against the appellant alleging a violation of ¶ 4(a)(1)(a), Marine Corps Order 1000.9A, by wrongfully committing sexual harassment.

The circumstances surrounding the appellant's violation of the Department of the Navy's fraternization policy stemmed from a party the appellant held at his home sometime between 1 March and 1 April 2011 to which he invited eight junior Marines whom he supervised in his unit.  The inappropriate conduct committed by the appellant during the party included: playing drinking games with the junior Marines; requesting that a subordinate female Marine strip down to her bra and panties and join him in the hot tub; watching pornographic movies with junior Marines; arranging for two female Marines to have sexual relations with each other in his presence and attempting to engage in oral sex with one of them; and, having sexual intercourse with a female private first class.

The sexual harassment charge and specification involved inappropriate comments made in front of Corporal (Cpl) MG while she and the appellant were assigned to the Communications Company, Headquarters Battalion, 1st Marine Division at Camp Pendleton from 1 November 2010 until 30 November 2011.  The sexually harassing behavior included the appellant showing her photos of shirtless men and asking her thoughts on them; commenting about her underwear during a health and comfort inspection; and regaling her and others with stories about his sexual encounters with female Marines.

The appellant pleaded guilty to these two charges and corresponding specifications.

---

[1] The appellant was also charged with violating Paragraph 4(a)(1)(g), Marine Corps Order 1700.22E, by knowingly providing alcohol to minors; and violating Article 120 of the UCMJ by having sex with a female subordinate who was substantially incapacitated.  These two charges were ultimately withdrawn and dismissed without prejudice prior to arraignment.

As part of the Government's case in aggravation during presentencing, the trial counsel called Cpl MG who testified as to how the actions of the appellant created a hostile work environment for her. The evidence elicited from Cpl MG by the trial counsel included an explanation of the types of photographs the appellant showed to her, and the fact that the appellant once slapped her face claiming he saw a bug on her cheek. The trial defense counsel objected to the former line of questioning arguing that it would elicit uncharged misconduct. Record at 78. The trial counsel explained that this testimony was intended to show, under RULE FOR COURTS-MARTIAL 1001(b)(4) , MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), the negative impact that it had on Cpl MG's work environment and the ". . . social, psychological, and medical impact on the victim." *Id*. at 80. After being informed by the military judge that he found the trial counsel's argument persuasive, the trial defense counsel, after reviewing the rule for himself, withdrew the objection. *Id*. Prior to allowing the testimony, the military judge conducted the appropriate analysis in accordance with MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), and determined that the probative value outweighed the prejudicial effect.

During argument on sentencing, the trial counsel, in characterizing the appellant's misconduct, described him as "a staff NCO . . . who intimidates and assaults other Marines . . . ." *Id*. at 115. Before the trial defense counsel began argument on sentence, the following exchange occurred between him and the military judge:

> DC: Before argument, sir, I would like to loge (sic) one objection to the government's characterization of any of [the appellant's] conduct as an assault, which defense's position is a sole and separate offense that was not charged, sir.

> MJ: Okay. I did note that. I permitted that to come in as aggravation because I believe, as I said before, it was relevant, in that, it was the same timeframe and between the same parties that the accused was charged with in the additional charge.

> DC: I understand, sir.

> MJ: Having done a 403 balancing test on that and all of the other evidence, I find its probative value is not substantially outweighed by the danger of unfair

3

prejudice. I don't believe that it was unfair at all
for me to get a picture of the interaction between the
two and the [sic] I believe that the probative value
that outweighs any danger of unfair prejudice. So the
balance does not, in order (sic) to the benefit of the
defense and insofar as that is evidentiary rule
favoring admission that is the way that I find that it
works in this instance [sic].

*Id*. at 116-17.

In his sole assignment of error, the appellant contends
that the military judge erred by allowing Cpl MG's testimony of
being slapped in the face by the appellant, and argument by the
trial counsel who classified it as an assault, because it was
uncharged misconduct. We disagree.

Having reviewed the parties' pleadings and the record of
trial, we are satisfied that no error materially prejudicial to
the substantial rights of the appellant occurred. Arts. 59(a)
and 66(c), UCMJ.

### Aggravation Evidence

The trial defense counsel did not object to Cpl MG's
testimony concerning the appellant slapping her face, but did
object to the trial counsel calling it an assault in closing
argument on sentencing. We review a military judge's decision
to admit evidence during sentencing for an abuse of discretion.
*United States v. Ashby* 68 M.J. 108, 120 (C.A.A.F. 2009). In the
absence of an objection by the trial defense counsel, we review
for plain error. *United States v. Moran* 65 M.J. 178, 181
(C.A.A.F. 2007). To establish plain error, the appellant must
demonstrate that "(1) an error was committed; (2) the error was
plain, clear, or obvious; and (3) the error resulted in material
prejudice to an appellant's substantial rights." *Id* at 181.

R.C.M. 1001(b)(4) sets the limitations as to what evidence
may be offered in aggravation. Under this provision:

The trial counsel may present evidence as to any
aggravating circumstances directly relating to or
resulting from the offenses of which the appellant has
been found guilty. Evidence of aggravation includes,
but is not limited to, evidence of financial, social,
psychological, and medical impact on or cost to any
person or entity who was the victim of an offense

4

committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

In the appellant's case, the military judge stated on the record that he allowed the aforementioned evidence to get a better picture of the appellant's interactions with Cpl MG, which lead to a hostile work environment. He additionally stated that he conducted the appropriate MIL. R. EVID. 403 balancing test and determined that the probative value outweighed the prejudicial effect. When a military judge conducts a proper balancing test under MIL. R. EVID. 403 on the record, his ruling will not be overturned absent a clear abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009). We find that the military judge did not commit error in allowing Cpl MG to testify that appellant slapped her as it represented a continued course of inappropriate behavior directed at her, thus creating a hostile work environment – one of the charges of which the appellant pleaded guilty. We find that this testimony fits squarely within the ambit of R.C.M. 1001(b)(4). As such, we find trial counsel's argument a fair comment on the evidence and not improper. R.C.M. 1001(g).

Finally, even if we found that this was error, the appellant has not established material prejudice to his substantial rights. The appellant contends that his sentence to a bad-conduct discharge, confinement for five months, and reduction to pay grade E-2 is overly severe and a direct result of the uncharged misconduct evidence allowed by the military judge during sentencing. We find this argument unpersuasive and, although not separately assigned as error, we find the sentence awarded appropriate for these offenses and this offender, and decline to grant relief.

## Conclusion

We affirm the findings and sentence as approved by the CA.

For the Court

R.H. TROIDL
Clerk of Court

5