# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201600338

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### KEVIN C. EMBLETON
Navy Diver First Class (E-6), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Arthur L. Gaston III, JAGC, USN.
Convening Authority: Commander, Navy Region Hawaii,
JBPHH, HI.
Staff Judge Advocate's Recommendation: Lieutenant Commander
Louis E. Butler, JAGC, USN.
For Appellant: Commander Richard E.N. Federico, JAGC, USN.
For Appellee: Lieutenant Jetti L. Gibson, JAGC, USN; Lieutenant
Robert J. Miller, JAGC, USN.

———————————————

Decided 28 March 2017

———————————————

Before CAMPBELL, HUTCHISON, and JONES, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

HUTCHISON, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of possession of anabolic steroids, one specification of wrongful use of anabolic steroids, and one specification of wrongful possession of child pornography, in violation of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§§ 912a and 934. The convening authority (CA) approved the adjudged sentence of 20 months' confinement, reduction to pay grade E-1, and a dishonorable discharge.

In two assignments of error, the appellant alleges: (1) the military judge abused his discretion by admitting victim impact evidence that was not directly related to or resulting from the appellant's misconduct; and (2) the staff judge advocate's recommendation (SJAR) was deficient because it failed to notify the CA that he retained authority under Article 60, UCMJ, to grant the relief requested in clemency. We disagree and conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant entered into a stipulation of fact, which included a compact disc "containing 124 images and 11 videos of child pornography that [the appellant] knowingly and intentionally downloaded and stored on [his] . . . laptop computer."[1] During presentencing, the government sought to introduce victim impact evidence from one of the victims depicted in two images found on the appellant's laptop. The material included an impact statement from the victim, a letter from the victim's attorney, and a statement from a forensic psychologist regarding the impact on the victim.[2] Over defense objection, the military judge admitted the material, subject to his review, and subsequently limited his consideration of the material to only that which he considered appropriate as matters in aggravation.[3]

---

[1] Prosecution Exhibit (PE) 1 at 2.

[2] PE 2.

[3] Record at 64. The military judge limited his consideration of the evidence as follows:

> On Page 1[,] I considered the title, all of page—all of the first paragraph, the first sentence of the second paragraph, all of the third paragraph that's not redacted, and the first two sentences of the fourth paragraph. I did not consider the remainder of page 1.
>
> Of Page 2[,] I considered the header, the title. I considered the first two sentences of the first paragraph, all of the second paragraph, all of the third paragraph, none of the fourth paragraph, all of the fifth paragraph, and the first sentence of the sixth paragraph.
>
> The report that constitutes Pages 3 through 6[,] I considered all of that report. Of the report that constitutes Pages 7 through 15, I considered none of that report except for on Page 13[,] I considered the sentence in the top paragraph[,] "[s]he lives in constant fear that

On 23 August 2016, the CA's staff judge advocate (SJA) provided the requisite written recommendation, advising the CA that "action is a matter within [the CA's] discretion."[4] The SJA enclosed a copy of the report of results of trial and a copy of the pretrial agreement entered into between the CA and the appellant with his recommendation. Finally, the SJA recommended the CA "approve the sentence as adjudged and order it executed . . . in accordance with the pretrial agreement, UCMJ, M[anual for ]C[ourts ]M[artial], and applicable regulations."[5] On 16 September 2016, trial defense counsel (TDC) submitted matters in clemency, requesting the CA suspend all confinement in excess of 14 months, and explaining that recent amendments to Article 60, UCMJ, did not limit the CA's authority to grant the requested relief.[6] On 20 September 2016, the SJA provided an addendum to his recommendation, enclosing TDC's clemency request, and restating his recommendation that the CA approve the sentence as adjudged.

## II. DISCUSSION

### A. Evidence in aggravation

The appellant alleges the military judge erred in admitting the victim impact evidence because it did not directly relate to his offense or, in the alternative, that its probative value was outweighed by the danger of unfair prejudice. We review a military judge's decision to admit or exclude sentencing evidence for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009).

The government may present evidence of aggravating circumstances "directly relating to or resulting from the offenses of which the accused has been found guilty[,]" to include "social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused[.]" RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM) (2016 ed.). "The phrase 'directly relating to or resulting from the offenses' imposes a 'higher standard' than 'mere relevance.'" *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995) (quoting *United States v. Gordon*, 31 M.J. 30, 36 (C.M.A. 1990)). However, we

---

the people viewing the pornographic films and pictures of her will look for her, capture her, and expect her to continue the same behaviors that she was forced to portray in the films." That's the only sentence I considered out of pages 7 through 15."

*Id.* at 74-75.

[4] Staff Judge Advocate, Navy Region Hawaii ltr 5814 of 23 Aug 16 at 1.

[5] *Id.* at 2.

[6] Trial Defense Counsel ltr of 16 Sep 2016.

have noted that "[t]he impact on children who are used in the child pornography business is sufficiently directly related to the offense of possessing child pornography to assist the sentencing authority." *United States v. Evans*, No. 201300174, 2014 CCA LEXIS 368, at *23, unpublished (N-M. Ct. Crim. App. 26 Jun 2014) (citing *United States v. Anderson*, 60 M.J. 548, 555-56 (A. F. Ct. Crim. App. 2004) (noting the impact upon the children used in the production of the pornography is sufficiently direct as to properly assist the sentencing authority in evaluating the consequences of the appellant's criminal behavior)).

The focus of the appellant's argument seems to be that the military judge failed to follow the appropriate legal framework, admitting the evidence without determining that the victim impact material introduced at trial was evidence "directly relating to or resulting from [the appellant's] offenses."[7] We disagree. The appellant pleaded guilty, *inter alia*, to possessing two images of the victim whose impact statement was admitted in aggravation. The evidence admitted included a written statement from the victim wherein she relates:

> I know that my image is being downloaded and watched . . . all across the country. I worry that [the individuals downloading her images] know who I am. I worry that they will come and look for me. I worry that they will come and hurt my family. I'm terrified that someone is stalking me. I have changed my appearance so they can't find me, but I still have panic attacks when I think someone is looking at me because they recognize me from the internet. I have difficulty working or being in public because of anxiety and want to hide somewhere safe.[8]

Consequently, we conclude the victim impact evidence was directly related to the appellant's crime and was, therefore, admissible under R.C.M. 1001(b)(4).

This does not end our analysis, however, as sentencing evidence is subject to the balancing test of MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 403, MCM (2012 ed.). *Stephens*, 67 M.J. at 236. When the military judge conducts a proper balancing test, on the record, under MIL. R. EVID. 403, his ruling will not be overturned absent a clear abuse of discretion. *United States v. Ruppel*, 49 M.J. 247, 251 (C.A.A.F. 1998). However, he receives less deference if he does not articulate his balancing analysis on the record, and no deference if he fails to conduct the 403 balancing. *United States v. Manns*, 54 M.J. 164,

---

[7] Appellant's Brief and Assignments of Error of 19 Dec. 2016, at 10.

[8] PE 2 at 2.

166 (C.A.A.F. 2000). Because the military judge in this case did not conduct a 403 balancing test, we examine the record ourselves. *Id.*

In doing so, we find that the information contained within the victim impact material highly probative. The evidence highlighted the psychological trauma the appellant's child pornography victim went through, as she faced the continual fear that her abuse would be replayed and viewed by the appellant and others. *See* R.C.M. 1001(b)(4) (stating that aggravation evidence includes evidence of psychological impact on the victim). At the same time, the danger of unfair prejudice is mitigated when sentencing is before a military judge, who is "presumed to know the law and apply it correctly[.]" *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008). Indeed, the military judge limited his consideration of the evidence to only those portions of the victim impact material directly related to the appellant's possession of the two images of the victim. Consequently, we find no abuse of discretion in admitting the material as relevant aggravating evidence of victim impact.

Regardless, even assuming the evidence was admitted in error, as noted *supra*, "judges are presumed to be able to filter out inadmissible evidence, and presumed not to rely upon inappropriate evidence when making decisions as to . . . sentence." *United States v. Salcido*, No. 201300143, 2014 CCA LEXIS 89, at *16, unpublished op. (N-M. Ct. Crim. App. 20 Feb, 2014) (per curiam). As a result, we find that the appellant has failed to establish any material prejudice to his substantial rights. *See* Art. 59(a), UCMJ.

## B. Deficient SJAR

The appellant argues that the SJAR was deficient because the SJA failed to "provide any legal guidance or statement of the law at all" with regard to the CA's authority to act on the sentence in this case.[9] The appellant's argument is misplaced because the SJAR did in fact provide the CA with appropriate guidance.

As the appellant correctly points out, the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), substantially changed the authority of CAs to take action on findings and sentences under Article 60, UCMJ. Following the changes, CAs can no longer disapprove, commute, or suspend, in whole or in part, an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad-conduct discharge unless certain exceptions exist. However, the changes did not become effective until 24 June 2014. The National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-

---

[9] Appellant's Brief at 16 (footnote omitted).

291, 128 Stat. 3292 (2014), provided clarification for courts-martial, such as the appellant's, which involved offenses that straddle the effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.]

*Id.* at 3365.

Therefore, "[s]ince the appellant's offenses 'straddled' the effective date of the changes to Article 60, UCMJ, the CA had the unfettered ability to disapprove findings or grant relief in clemency." *United States v. Bannister*, No. 201600056, 2016 CCA LEXIS 686, at *7, unpublished op. (N-M. Ct. Crim. App. Nov 30, 2016). The appellant relies on this court's holdings in *United States v. Levrie*, No. 201500375, 2016 CCA LEXIS 401, unpublished op. (N-M. Ct. Crim. App. 12 Jul 2016) (per curiam) and *Bannister*, arguing we should find post-trial error from the SJA's failure to provide sufficient guidance to the CA. In *Levrie*, we remanded an Article 60, UCMJ, "straddling" case for new post-trial processing after the SJA incorrectly advised the CA that the changes to Article 60, UCMJ, prevented action on the findings. 2016 CCA LEXIS 401, at *3-4. In *Bannister*, another "straddling" case, we remanded after the TDC submitted clemency matters erroneously conceding that changes to Article 60, UCMJ, removed the CA's authority to act on the findings and limited the authority to act on the sentence. 2016 CCA LEXIS 686, at *10. The SJA in *Bannister* did not comment on the TDC's affirmative misstatement of the law and, effectively, ratified it.

The appellant's case is markedly different. Here, the appellant's TDC correctly stated the law in his clemency petition and requested appropriate relief. Moreover, the SJA did, in fact, properly advise the CA regarding the authority to take action on the case when he noted that "action is a matter within your discretion."[10] This statement is a concise, accurate pronouncement of the CA's unfettered authority to take whatever action he desires on the findings and sentence.[11] Finding error in neither the TDC's clemency submission nor the SJAR, we are convinced that the CA was not misled regarding his authority to grant the sentencing relief requested by the appellant.

---

[10] SJAR at 1.

[11] *See* R.C.M. 1106(d)(3).

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

Senior Judge CAMPBELL and Judge JONES concur.

For the Court



R.H. TROIDL
Clerk of Court