# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201700292**

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## CRISTIAN A. CRUZHERNANDEZ
Private First Class (E-2), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Jeffrey V. Munoz, USMC.
Convening Authority: Commanding Officer, Marine Corps Mountain Warfare Training Center, Bridgeport, California.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Brent W. Stricker, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Captain Luke Huisenga, USMC; Lieutenant Megan P. Marinos, JAGC, USN.

————————————

Decided 22 May 2018

————————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

SAYEGH, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification each of attempted use, possession, and introduction of a controlled substance, as well as one specification of wrongful use of cocaine, in violation of Articles 80 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a. The

military judge sentenced the appellant to 12 months' confinement, reduction to paygrade E-1, forfeiture of $1000.00 pay per month for 12 months, and a bad-conduct discharge. The convening authority approved the adjudged sentence but, in accordance with the pretrial agreement, suspended all confinement in excess of four months.

In two assignments of error the appellant contends: (1) the military judge abused his discretion during presentencing by excluding mitigation evidence offered by the defense; and (2) that the bad-conduct discharge is inappropriately severe.

After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant purchased 70 pills of what he thought was the controlled substance alprazolam or "Xanax" from a drug dealer. The appellant ingested cocaine and five of the pills, and then brought the remaining pills aboard Marine Corps Mountain Warfare Training Center (MWCT), Bridgeport, California. The pills were tested and found to be doxylamine–a non-controlled substance–and not alprazolam.

During the providence inquiry, the appellant testified that at the time of his offenses he had been prescribed Zoloft, Klonopin, Paxil, "and some other sleeping meds."[1] The appellant indicated the medications were part of his ongoing treatment for anxiety and depression. During presentencing, the appellant's doctor, Dr. A.M., testified that his diagnosis of the appellant included a major depressive disorder, a general anxiety disorder, a panic disorder with panic attacks, and severe insomnia.[2] Dr. A.M. prescribed the appellant Zoloft and Klonopin.

The trial defense counsel (TDC) asked Dr. A.M. if he had met with the appellant's commanding officer (CO) to discuss the case. The trial counsel objected on relevance grounds. The military judge (MJ) and counsel discussed the objection briefly on the record:

> TDC: The relevance is that [Dr. A.M.] is going to say that they spoke on the issues that he described with PFC CruzHernandez. He spoke with [the CO] about potential

---

[1] Record at 21.

[2] *Id.* at 84, 88.

separation for adjustment disorder prior to any of these incidents arising.

MJ: How does that relate to the offenses in this case?

TDC: In terms of a matter of mitigation, Your Honor, it is evidence that PFC CruzHernandez was having a lot of difficulty that led him to begin self-medicating and is the reason why we are here today.

MJ: The objection is sustained. The court doesn't find that that is relevant.[3]

## II. DISCUSSION

### A. Military judge's exclusion of defense sentencing evidence

We review a military judge's exclusion of sentencing evidence for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009). If we conclude the military judge has abused his discretion, we test for prejudice by considering whether the error "substantially influenced the adjudged sentence." *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005) (citations omitted).

The appellant's presentation of mitigation evidence is governed by RULE FOR COURTS-MARTIAL (R.C.M.) 1001(c)(1)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), which provides that such evidence is "introduced to lessen the punishment . . . or to furnish grounds for a recommendation of clemency." "However, an accused's rights regarding extenuation and mitigation evidence presentation are not unlimited. Military judges should be vigilant in ensuring that matters in extenuation and mitigation comply with R.C.M. 1001(c)." *United States v. Macias*, 53 M.J. 728, 729 (A. Ct. Crim. App. 1999).

The military judge considered the providence inquiry on sentencing, which included a substantial amount of evidence in extenuation related to the appellant's mental health. However, during presentencing, the military judge sustained the TDC's objection to Dr. A.M. testifying that, prior to the appellant's misconduct, he recommended to the appellant's CO that the appellant be administratively separated for an adjustment disorder. Although the appellant asserts this would constitute evidence in mitigation, we believe this evidence is more appropriately considered as a matter in extenuation that served to explain the circumstances and reasons the appellant committed his offenses. R.C.M. 1001(c)(1)(A). While the

---

[3] *Id.* at 87-88.

recommendation from Dr. A.M. to the CO may reasonably have been considered evidence of extenuation, it must still be relevant. To be relevant, evidence must "(a) make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." MILITARY RULE OF EVIDENCE 401, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). There was no consequential fact within either the recommendation from Dr. A.M. to administratively discharge the appellant, or the fact the CO was aware of the appellant's adjustment disorder, that made the circumstances surrounding the appellant's wrongful conduct more or less probable. Therefore, we find the military judge did not abuse his discretion in finding no relevance to this limited line of questioning of Dr. A.M regarding a collateral administrative matter.

Even assuming the military judge abused his discretion here, the appellant is only entitled to relief if he can demonstrate that the error materially prejudiced his substantial rights. Art. 59(a), UCMJ. As the sentencing authority, military judges are "presumed to know the law and follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). Despite the appellant's assertions, there is no indication that the excluded testimony, "may have provided further detail" about his medical condition.[4] Indeed, the record contains significant evidence in extenuation regarding the appellant's mental health and the attempts to properly treat him through prescribed medications. Under these circumstances, we are confident that even if the military judge abused his discretion, the error did not substantially influence the adjudged sentence, or materially prejudice the appellant. *See Griggs*, 61 M.J. at 410.

## B. Sentence appropriateness

The appellant argues that a sentence including a bad-conduct discharge is inappropriately severe because mental health issues affected his judgment, and his self-destructive behavior did not harm others. We disagree.

We review sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this

---

[4] Appellant's Brief of 8 Dec 2017 at 4.

assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion in determining sentence appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant was convicted of using cocaine and attempting to possess, use, and introduce Xanax onto an installation used by the armed forces. Setting aside the sentencing limitations of a special court-martial, the maximum punishment for these offenses included 11 years of confinement and a dishonorable discharge. Art. 112a, UCMJ. These offenses are serious.

During the providence inquiry, the appellant claimed that he intended to use Xanax to "calm [his] anxiety and depression" because his prescribed medication was not working.[5] He also told the military judge he intended to use some of the "Xanax" pills "to try to overdose and end [his] life[.]"[6] This information is consistent with the evidence of the appellant's mental health assessment and on-going treatment. But the appellant's claims of self-medication are contradicted later in his providence inquiry by his admission that he had never been prescribed Xanax previously, that the 70 pills were intended for his personal use, and that he used both the "Xanax" and cocaine socially while shopping or at parties at or near San Francisco.

Having given individualized consideration to the nature and seriousness of these crimes, the appellant's limited 15-month record of service, and all other matters contained in the record of trial, we conclude the sentence is not inappropriately severe and is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

## II. CONCLUSION

The findings and the sentence, as approved by the convening authority, are affirmed.

Senior Judge HUTCHISON and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[5] Record at 35.

[6] *Id.* at 22.