IN THE CASE OF


UNITED STATES, Appellee

v.

Wayne M. PARKER, Sergeant
U.S. Army, Appellant

No. 02-0937

Crim. App. No. 9600945

United States Court of Appeals for the Armed Forces

Argued October 8, 2003

Decided December 22, 2003

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Lieutenant Colonel Michael E. Smith (argued).


For Appellee:  Captain Mark J. Hamel (argued);  Lieutenant
    Colonel Margaret B. Baines and Captain Janine P. Felsman (on
    brief); and Captain Theodore C. Houdek.



Military Judge:  C. S. Schwender (trial); R. L. Swan (rehearing)



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of rape (2 specifications), forcible sodomy, sodomy, assault and battery, and adultery (three specifications), in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 925, 928, and 934 (2000). The members sentenced Appellant to a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to Private (E-1). The convening authority disapproved the sodomy conviction and approved only so much of the sentence as provided for a dishonorable discharge, confinement for nine years and six months, total forfeitures, and reduction to Private (E-1).

The Court of Criminal Appeals disapproved two of the findings (the assault and battery conviction and one of the rape convictions), modified the forcible sodomy finding (to sodomy), and affirmed the remaining findings of guilty. The court also set aside the sentence and ordered a sentence rehearing. United States v. Parker, 54 M.J. 700, 717 (A. Ct. Crim. App. 2001).

At the rehearing, Appellant was sentenced to a bad-conduct discharge, confinement for 45 months, total forfeitures, and reduction to Private (E-1). The convening authority approved the sentence, granting confinement credit for 1,736 days served.

2

Thereafter, the Court of Criminal Appeals affirmed in an unpublished memorandum opinion.

On Appellant's petition, we granted review of the following issues:

I.

WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED THE GOVERNMENT TO PRESENT VIDEOTAPED EVIDENCE, OVER DEFENSE OBJECTION, FOR THE LIMITED MIL.R.EVID. 413 PURPOSE OF SHOWING SIMILAR CRIMES WITH RESPECT TO A KEY GOVERNMENT WITNESS [AL] CONCERNING AN ALLEGED RAPE THAT THE GOVERNMENT CHARGED OCCURRED IN 1995 WHERE THE FACTS SUPPORTING THE ALLEGED RAPE OCCURRED IN 1993, AND WHERE THE MILITARY JUDGE PREVIOUSLY RULED THAT THE GOVERNMENT COULD NOT AMEND THE CHARGE SHEET TO CHANGE THE DATES, YET ALLOWED THE GOVERNMENT TO PRESENT THE EVIDENCE PURSUANT TO MIL.R.EVID. 413 (WITHOUT CONDUCTING A MIL.R.EVID. 403 BALANCING TEST), AND ALLOWED THE COURT-MARTIAL PANEL TO FIND APPELLANT GUILTY OF THE CHARGED RAPE BY EXCEPTIONS AND SUBSTITUTIONS, CHANGING THE DATES OF THE ALLEGED OFFENSE BY TWO YEARS.

A. WHETHER THE MILITARY JUDGE ERRED BY FAILING TO DIRECT THE GOVERNMENT, PURSUANT TO R.C.M. 603(d), TO EITHER DISMISS OR WITHDRAW AND PREFER ANEW THE OFFENSES RELATING TO [AL] (SPECIFICATION 4 OF CHARGE II AND SPECIFICATION 2 OF CHARGE V) ONCE HE SUSTAINED THE DEFENSE OBJECTION TO THE GOVERNMENT'S PROPOSED MAJOR CHANGE TO THESE SPECIFICATIONS, AND INSTEAD ALLOWED THE SPECIFICATIONS TO GO FORWARD TO THE PANEL WHERE THE PANEL FOUND APPELLANT GUILTY BY EXCEPTIONS AND SUBSTITUTIONS.

B. WHETHER THE MILITARY JUDGE ERRED WHEN HE FAILED TO GRANT THE DEFENSE MOTION FOR A FINDING OF NOT GUILTY AS TO THE [AL] SPECIFICATIONS.

C. WHETHER THE MILITARY JUDGE ERRED BY ADMITTING THE VIDEOTAPED TESTIMONY OF [AL] UNDER MIL.R.EVID. 413 WITHOUT CONDUCTING A MIL.R.EVID. 403 BALANCING TEST.

3

                              II.

     WHETHER THE MILITARY JUDGE ERRED AS A MATTER OF LAW WHEN HE
     ALLOWED, OVER DEFNESE OBJECTION, A GOVERNMENT WITNESS [AL]
     TO TESTIFY VIA VIDEOTAPED DEPOSITION WHERE THE GOVERNMENT
     FAILED TO ESTABLISH THE UNAVAILABILITY OF THE WITNESS,
     THEREBY VIOLATING APPELLANT'S SIXTH AMENDMENT RIGHT TO
     CONFRONT WITNESSES AGAINST HIM.

     For the reasons discussed below, we hold that the military
judge erred when he denied a defense motion to dismiss the
specifications referenced in Issue I.B.  In light of that
decision, we need not address the remaining questions under
Issues I and II.


                         I.  INTRODUCTION

     Appellant was charged with three separate sets of offenses
pertinent to the granted issues: (1) rape, forcible sodomy, and
assault of Ms. KD, as well as adultery with Ms. KD, at various
times between October 1, 1994, and June 30, 1995; (2) rape,
forcible sodomy, and assault of Ms. USG, as well as adultery
with Ms. USG, at various times between June 1, 1994, and June 1,
1995; and (3) rape of Ms. AL between February 1 and March 31,
1995, as well as adultery with Ms. AL during February or March
1995.  With respect to the charges involving Ms. AL, the panel
found by exceptions and substitutions that he was guilty of
committing the rape and adultery offenses between August 1993
and March 1995.  In this appeal, Appellant contends that the

                              4

military judge committed various errors with respect to the findings involving Ms. AL, including failure to grant a defense motion to dismiss at the conclusion of the prosecution's case, and allowing the panel to change the nature of the offense during deliberations on findings.

## II. LEGAL BACKGROUND:  MODIFICATION OF CHARGES AND SPECIFICATIONS AFTER ARRAIGNMENT

This appeal involves the legal principles concerning modification of charges or specifications after arraignment. Minor changes to charges and specifications after arraignment are permitted prior to the announcement of findings, but major changes may not be made over the objection of the accused.  Rule for Courts-Martial [hereinafter R.C.M.] 603.  R.C.M. 603 provides:

> (a) Minor changes defined.  Minor changes in charges and specifications are any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged.
>
> . . . .
>
> (c) Minor changes after arraignment.  After arraignment the military judge may, upon motion, permit minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced.

> (d) <u>Major changes</u>. Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew.

Charges and specifications also may be modified during deliberations on findings. The panel, or the military judge in a bench trial, may modify the charges and specifications under the authority to make "exceptions and substitutions." R.C.M. 918(a)(1). This power may be used to conform the findings to the evidence, but it "may not be used to substantially change the nature of the offense . . . . " <u>Id.</u> See <u>Manual for Courts-Martial, United States</u> (2002 ed.) [hereinafter <u>MCM</u>], Analysis of the Military Rules of Evidence A21-66 [hereinafter Drafter's Analysis]. The non-binding Discussion accompanying R.C.M. 918(a) notes: "Changing the date or place of the offense may, but does not necessarily, change the nature or identity of the offense." <u>Compare</u> <u>United States v. Allen</u>, 50 M.J. 84, 86 (C.A.A.F. 1999), <u>and</u> <u>United States v. Hunt</u>, 37 M.J. 344, 347 (C.M.A. 1993), <u>with</u> <u>United States v. Wray</u>, 17 M.J. 375, 376 (C.M.A. 1984).

### III.   FACTUAL BACKGROUND

#### A.   Ms. AL'S Pretrial Statements

At the time of the charged offenses, Ms. AL and Appellant were stationed in Germany and assigned to the same unit.  The pertinent charges against Appellant were generated as a result of a sworn statement Ms. AL provided to Army investigators on June 19, 1995, in which she wrote: "About 0300 sometime in February or March I was raped in my room by PARKER."  She did not expressly identify the year in which the alleged rape occurred.  The charges against Appellant alleged that he raped Ms. AL "between 1 February 1995 and 31 March 1995," and that he engaged in adultery with Ms. AL "on or about February or March 1995."

Between the time that charges were filed and trial on the merits in Germany, Ms. AL left active duty and returned to the United States.  The prosecution, anticipating that Ms. AL might not be willing to return to Germany for the court-martial, received permission from the military judge on April 18, 1996 -- 11 days before trial -- to depose her on videotape in the United States.  The deposition was taken on April 22, 1996.

Ms. AL's testimony during the deposition about the timing of the alleged rape was inconsistent with the 1995 dates on the charge sheet.  During the deposition, she reiterated the allegation in her sworn statement that Appellant had raped her

7

while she was "passed out" at a party in her barracks room at some point during February or March. When asked whether this was a reference to 1993, she responded, "I believe so." She also indicated that, prior to this incident, she and Appellant had dated "about a month, maybe two," and that, she and Appellant had engaged in consensual sexual intercourse "about six or seven times" during their dating relationship. She also indicated that their consensual sexual activity had ended at some point prior to the rape, and that they did not have sexual relations at any time after the alleged rape.

### B. The Prosecution's Motion to Amend the Charges

On April 29, 1996, shortly after the deposition was taken, the prosecution moved to amend the rape specification to correct "an incorrect date." According to trial counsel, the specification erroneously referred to "February 1995 to March 1995," when it should have referred to "February 1993 to March 1993" as the time period of the alleged rape. Defense counsel objected on the grounds that the proposed modification exceeded the scope of permissible minor changes. See R.C.M. 603(a), (d). In the course of opposing trial counsel's motion, defense counsel emphasized that the dates were particularly important in this case, where the prosecution intended to present testimony that the interaction between Appellant and Ms. AL involved both

consensual and non-consensual sexual intercourse.  Defense

counsel argued that in the context of a relationship involving

consensual sexual activity, establishing the date of any alleged

non-consensual incident was critical to proper trial preparation

by the defense.

At the conclusion of argument by both parties, the military

judge sustained the defense objection, ruling that the

"Government . . . can't change the date."  The military judge

later noted that his ruling was based on the position that the

defense, which was prepared to defend against a charge of

misconduct in 1995, did not have adequate notice that it would

be required to defend against a charge of misconduct in 1993.

### C.  Trial counsel's Motion to Admit Ms. AL's Statement Under Military Rules of Evidence 413

Immediately after losing the motion to change the dates in

the rape specification concerning Ms. AL, the prosecution moved

to admit Ms. AL's videotaped deposition on the ground that the

sexual misconduct described therein was relevant to the separate

charges involving Ms. KD and Ms. USG.  In support of the motion,

trial counsel cited Military Rule of Evidence [hereinafter

M.R.E.] 413, "Evidence of similar crimes in sexual assault

cases."  M.R.E. 413(a) provides as follows:

> In a court-martial in which the accused is
> charged with an offense of sexual assault,
> evidence of the accused's commission of one

9

> or more offenses of sexual assault is
> admissible and may be considered for its
> bearing on any matter to which it is
> relevant.

M.R.E. 413 is patterned after Federal Rule of Evidence 413, which was enacted by Congress in 1994 to facilitate the introduction of evidence that might otherwise be subject to restrictions on the use of propensity evidence.  See Drafter's Analysis at A22-37; Steven A. Saltzburg et al., Military Rule of Evidence Manual 615-16 (4th ed. 1997).  The rule permits the prosecution "to use evidence of the accused's uncharged past sexual assaults for the purpose of demonstrating his propensity to commit the charged offenses."  Id. at 616.  See United States v. Bailey, 55 M.J. 38 (C.A.A.F. 2001).

In the present case, trial counsel argued that Ms. AL's testimony was admissible because it concerned "sexual misconduct of the exact same nature for which the accused is currently facing trial of the other five specifications of rape, and as such, it is admissible for that particular issue."  Defense counsel objected on various grounds, focusing primarily on the contention that the probative value of such evidence was outweighed by the risk of unfair prejudice.  See M.R.E. 403; Bailey, 55 M.J. at 40-41.

The military judge ruled that the prosecution would be permitted "to put on this evidence under M.R.E. 413."  With

respect to defense counsel's objection under M.R.E. 403, the

military judge said:

> The drafters took that into consideration
> when they gave us M.R.E. 413.  It almost
> seems to be an exception to 403.  But even
> with a 403 balancing, [an] allegation of a
> prior rape is very relevant to charged
> offenses of a similar nature, even if the
> modus operandi is a little bit different.
> And that's what the drafters said [] is the
> reason they put in 413.

### D.  Contents of the Flyer

Prior to the introduction of evidence on the merits, the

prosecution sought to clarify the status of the rape charge

involving Ms. AL in light of the military judge's rejection of

the Government's motion to amend the specification.  Trial

counsel noted that the "flyer" – the document that would be

presented to the members summarizing the charges and

specifications -- contained the specification alleging rape of

Ms. AL in 1995, and he argued that the Government should be

permitted to retain the specification alleging 1995 as the year

of the offense.  Trial counsel added: "Then through instructions

to the panel, the panel can address whether or not they feel

that the government has met its burden of proof on that

allegation."  According to trial counsel, if the prosecution

would not be allowed to proceed with the specification as

alleged, the flyer would have to be modified to delete the

specification before the flyer was given to the panel.

11

Defense counsel countered that the specification should be deleted from the flyer because there was no evidence that Appellant raped Ms. AL in 1995. According to defense counsel, the only evidence of any misconduct with AL was the deposition. Defense counsel noted that the military judge had admitted the deposition only for a limited purpose under M.R.E. 413, and that the deposition addressed an incident in 1993, not a rape in 1995.

The military judge declined to order deletion of the specification, observing: "I'll expect [the Government to] put on some evidence and it may not be enough." Trial counsel added, "And we can address that at the appropriate time with the close of the government's case, Your Honor."

### E.  The Prosecution's Evidence on the Charged Offenses

After opening statements, the prosecution presented its evidence on the charges against Appellant concerning Ms. KD and Ms. USG. The prosecution also presented evidence on an unrelated charge of maltreatment of a subordinate under Article 93, UCMJ, 10 U.S.C. § 893 (2000). The evidence as to these offenses consisted primarily of in-court testimony by the alleged victims and other witnesses. The prosecution then offered the videotaped deposition of Ms. AL, which the military judge admitted into evidence, consistent with his pretrial

rulings. The deposition was shown to the members without comment by either counsel or the military judge. During rebuttal, the Government offered brief testimony by a noncommissioned officer in Ms. AL's unit that primarily concerned AL's character for truthfulness and her credibility. At the end of his testimony, a member of the panel asked this witness whether he was aware of any relationship between Ms. AL and Appellant, and he answered, "No, sir."

F. The Defense Motion for Findings of Not Guilty

After the prosecution completed its case on the merits, defense counsel moved for findings of not guilty on the rape and adultery specifications that alleged misconduct with Ms. AL in 1995. See R.C.M. 917.

Under R.C.M. 917(a), the military judge "shall enter a finding of not guilty . . . if the evidence is insufficient to sustain a conviction of the offense affected." R.C.M. 917(d) states that a motion for a finding of not guilty "shall be granted only in the absence of some evidence which, together with all reasonable inferences and applicable presumptions, could reasonably tend to establish every essential element of an offense charged. The evidence shall be viewed in the light most favorable to the prosecution without an evaluation of the credibility of witnesses."

In support of the motion for findings of not guilty, defense counsel argued that during the prosecution's case-in-chief "no evidence whatsoever [had been] presented on those issues of guilt or innocence on these charges or specifications." Trial counsel contended that the specifications should be submitted to the court-martial panel, and that the members should be permitted to find Appellant guilty of the two specifications by using exceptions and substitutions to modify the date. Defense counsel offered two responses: first, that the only evidence relating to Ms. AL was in her deposition, which alleged a rape occurring in 1993, significantly outside the charged time period; second, that the deposition had been admitted only as propensity evidence relevant to the charges involving Ms. KD and Ms. USG, and that the deposition did not state that Appellant engaged in sexual misconduct with Ms. AL in 1995.

Following the presentations by both parties, the military judge denied the defense motion to dismiss the charges. He added that he was going to "do research the next time we have a break as to how much of a variance [in the dates] this is, and whether I'll allow it to go to the members later." Defense counsel asked the military judge to enter special findings regarding the motion to dismiss when the military judge completed his review of the variance matter, and the military

judge agreed.  Defense counsel raised the issue later in the trial by asking the military judge to rule on the motion to dismiss, noting that the defense awaited a definitive ruling before deciding how to proceed.  A brief colloquy ensued:

> MJ:  The decision is that the motion is denied.
>
> DC:  The grounds, sir?
>
> MJ:  Prima facia case has been made.
>
> DC:  Thank you, sir.  Has the military judge done any research that he had indicated that he was going to do earlier?
>
> MJ:  I did as much research as I felt was necessary.
>
> DC:  Thank you, sir.

The military judge did not enter special findings in support of the ruling, despite his earlier statement that he would do so.

## G. Entry of Findings by Exceptions and Substitutions

Following presentation of evidence on the merits by both parties, the military judge instructed the panel on findings, including an instruction on the general subject of variance. The instruction advised the members that if they were satisfied from the evidence that the charged offenses occurred but that the time, place, or manner "differs slightly" from the exact allegations in the specifications, they could make "minor

modifications" in reaching their findings, provided that they did not change the nature or identity of the offenses.

The members found Appellant guilty by exceptions and substitutions of both specifications alleging misconduct with Ms. AL. They found that the rape had occurred between "1 August 1993" and 31 March 1995, and that the adultery had occurred on or about "August [19]93 through March [19]95."


IV. DISCUSSION

The present appeal involves a closely contested trial, in which the members were required to make careful judgments about whether Appellant crossed the line between permissible and impermissible social and professional interactions in a variety of different circumstances. In the context of this case, evidence concerning the time, place, and nature of the interactions between Appellant and others was a major focus of the litigation. The importance of these factors is reflected in the findings at both the trial and appellate levels. At trial, the members found Appellant not guilty of four of the six rape allegations, one of the two assault charges, and a separate maltreatment charge. They also modified one of the forcible sodomy charges to simple sodomy. The Court of Criminal Appeals further modified the findings, concluding that the evidence was factually insufficient as to three findings: one of the

16

remaining rape charges, the remaining forcible sodomy charge, and the remaining assault charge.  Parker, 54 M.J. at 708.

With respect to the charges concerning Appellant's interaction with Ms. AL, the military judge's pretrial rulings established the parameters of the Government's case.  First, the military judge rejected the prosecution's motion to modify the charged dates from 1995 to 1993.  That decision, based upon the prohibition against major changes in R.C.M. 603, made it clear that the Government was obligated to prove that the offenses took place in 1995, the charged timeframe.  Second, the military judge thereafter permitted the prosecution to introduce Ms. AL's deposition, following the prosecution's representation that the evidence was admissible under M.R.E. 413 because it contained evidence relevant to the separate charges involving Ms. KD and Ms. USG.  Third, the decision by the military judge to not alter the 1995 dates on the flyer further underscored the Government's obligation to produce evidence that Appellant engaged in improper sexual activity with Ms. AL in 1995.  The prosecution produced no such evidence.

Following the military judge's rejection of the motion to change the charged dates, the Government could have addressed the disconnect between pleading and proof through withdrawal of these charges and preferral of new charges for consideration in the present trial or in a separate trial.  See R.C.M. 603(d).

17

Having chosen not to do so, the Government was required to prove in its case-in-chief that there was improper sexual activity between Appellant and Ms. AL during the charged period in 1995.

The Government introduced no evidence of sexual interaction between Appellant and Ms. AL during the charged time period. Had the Government introduced evidence from which the factfinders could reasonably infer sexual action during the charged period in 1995, the evidence in Ms. AL's deposition concerning sexual activity in 1993 might have been relevant under M.R.E. 413 to proving the nature of subsequent sexual activity. The prosecution, however, could use the 1993 evidence only by connecting it to otherwise admissible evidence of sexual activity between Appellant and Ms. AL in 1995. Proof of improper sexual activity in 1993, without more, did not demonstrate directly or by reasonable inference that Appellant engaged in sexual activity with Ms. AL in 1995.

Accordingly, the evidence introduced by the prosecution at the close of the Government's case was legally insufficient under R.C.M. 917 to prove that Appellant raped Ms. AL in the period between February and March 1995 or that he engaged in adultery with her during that period. The military judge erred by not granting the motion to dismiss those specifications.

## V.   DECISION

The decision of the United States Army Court of Criminal Appeals is reversed as to specification 4 of Charge II and specification 2 of Charge V, and as to the sentence.  The findings of those specifications are set aside, and those specifications are dismissed.  The sentence is set aside, and the case is returned to the Judge Advocate General for remand to the Court of Criminal Appeals, which may order a rehearing.