# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Master Sergeant MARTIN C. MASSEY
### United States Air Force

## ACM 38496

## 05 February 2015

Sentence adjudged 19 September 2013 by GCM convened at Ellsworth Air Force Base, South Dakota. Military Judge: Mark L. Allred.

Approved Sentence: Confinement for 5 years and reduction to E-1.

Appellate Counsel for the Appellant: Major Nicholas D. Carter.

Appellate Counsel for the United States: Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

MITCHELL, HECKER, and TELLER[1]
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

TELLER, Judge:

The appellant was convicted, contrary to his pleas, by a panel of officer members of indecent acts, abusive sexual contact, and indecent viewing, in violation of Articles 120 and 120c, UCMJ; 10 U.S.C. §§ 920, 920c. The adjudged and approved sentence was confinement for 5 years and reduction to E-1.

---

[1] In a memorandum dated 20 May 2014, Major General Robert G. Kenny, then Performing Duties of The Judge Advocate General, designated Senior Judge Martin T. Mitchell as the Chief Appellate Military Judge in cases where Chief Judge Mark L. Allred served as the military judge or recused himself under the governing standards of judicial conduct. In this case, Chief Judge Allred, while serving as a trial judge, presided over the appellant's court-martial. Therefore, Chief Judge Mitchell designated the special panel in this case.

The appellant argues that: (1) the evidence is factually and legally insufficient to sustain his convictions under Charge I, (2) the military judge erred by instructing the members to draw no adverse inference from his dismissal of portions of the alleged offenses, (3) the military judge abused his discretion by allowing certain evidence to be admitted under Mil. R. Evid. 413, (4) the military judge abused his discretion in allowing testimony of uncharged misconduct, (5) the military judge erred in determining the maximum punishment, and (6) the military judge erred by allowing improper argument.[2]

We find the appellant's conviction as to certain acts alleged in Charge I, Specification 1, factually insufficient and reassess the sentence as described below. We find no other error materially prejudicial to the appellant and affirm the remainder of the findings.

*Background*

After returning from a deployment to Qatar in 2011, the appellant began to engage in a pattern of nonconsensual sexual contact with a 16-year-old relative. After being confronted by the child's mother, the appellant made several ambiguous admissions of misconduct, telling her he had "crossed the line" and when confronted about placing his hand down the child's pants, said he was only checking for pubic hair. The appellant later sent the child's mother an email saying that something had broken inside him during his deployment, and that he "never ever did anything like that before."

Because the pattern of abuse involving the 16-year-old child spanned the 2012 changes to Article 120, UCMJ, the allegations were segregated into conduct that occurred between the appellant's return from deployment in September 2011 and 27 June 2012 (Charge I, Specification 1: a single indecent acts specification) and conduct that occurred between 28 June 2012 and 31 October 2012 (Charge I, Specifications 2–9, and Charge II, Specifications 1 and 2: 8 specifications of abusive sexual contact and two specifications of indecent viewing).[3]

*Factual and Legal Sufficiency*

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). "The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making

---

[2] The final assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).
[3] The appellant was found not guilty by exceptions of certain specific acts of Charge I, Specification 1, and not guilty of an indecent exposure charged under Charge II, Specification 2.

allowances for not having observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt.'" *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *Turner*, 25 M.J. at 325).

The appellant was convicted of engaging in the following conduct with the 16 year old between 16 September 2011 and 27 June 2012: touching her mouth with his tongue and mouth, touching her breast with his hand and mouth, touching her inner thigh with his hand, and viewing her naked body while she was showering. He was also convicted of engaging in similar conduct between 28 June 2012 and 31 October 2012, as well as touching her back with his hands and mouth and touching her pubic area with his hand.

Trial defense counsel effectively challenged the child's sequential reporting of additional allegations and her reliance on memories that came back to her as the investigation was proceeding. However, her credibility was bolstered substantially by her mother's testimony regarding the appellant's response when he was confronted about the abuse. We find the appellant's unconvincing excuse that he touched the child's pelvic region to check for public hair particularly illuminating. The appellant did not deny the accusation, or even suggest the child was being inaccurate or untruthful. Instead, he offered such a contrived and unbelievable excuse that suggested the child's account to indeed be credible. His e-mail apology, although subject to interpretation, also leads us to believe the child's version of events.

In light of the child's testimony and the appellant's statements after the allegations came to light, and making allowances for not personally observing the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt as to the misconduct that occurred between 28 June 2012 and 31 October 2012 (Charge I, Specifications 2–8 and Charge II, Specification 1). Similarly, we find the evidence legally sufficient to sustain those convictions because, viewing the evidence in the light most favorable to the Government, there is sufficient evidence for a reasonable fact finder to find all the essential elements beyond a reasonable doubt.

Regarding the conduct alleged to have occurred between 16 September 2011 and 27 June 2012, however, we are not convinced beyond a reasonable doubt that the appellant touched the child's inner thigh or watched her in the shower during that time period. In her testimony, the child expressed considerable uncertainty as to when this type of misconduct began. Based upon her equivocal testimony, we find the evidence factually insufficient to sustain the appellant's conviction for engaging in that conduct prior to 28 June 2012, and we except the applicable language in our decretal paragraph below. For the remaining misconduct alleged in Charge 1, Specification 1, we find the evidence factually and legally sufficient to sustain the appellant's conviction, for the reasons stated above.

*Instruction Concerning Rule for Courts-Martial 917 Determination*

At the close of the Government's case, trial defense counsel moved for a finding of not guilty pursuant to Rule for Courts-Martial (R.C.M.) 917 as to certain parts of Charge I, Specification 1. The military judge granted the motion with respect to (1) the allegation that the appellant touched and kissed the child's back and (2) that the conduct in this specification happened on divers occasions. At trial counsel's request, and without objection by trial defense counsel, the military judge advised the panel about the dismissal and instructed them they were "to draw no adverse inference towards either party from the court's dismissing of those matters in question."

The appellant now contends that the military judge's instruction invaded the purview of the members to decide the child's credibility. The appellant specifically argues that because the government charged those offenses based on the child's statements, her failure to testify as to those offenses undermined her credibility. The appellant suggests that the members should have been allowed to draw that inference and that the judge's instruction to the contrary was error.

"Whether a panel was properly instructed is a question of law reviewed de novo." *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). Because trial defense counsel did not object to the instruction at trial, we review for plain error. *See United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011). Under plain error review, the appellant has the burden of showing there was error, that the error was plain or obvious, and that the error materially prejudiced a substantial right of the appellant. *Id.*; *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).

We find the appellant's argument unconvincing. First, we note that the *Military Judges' Benchbook* contains a similar instruction to be given under these circumstances:

> You are advised that I have found the accused not guilty of [the Specification of the Charge]. However, the accused remains charged in this specification with [a] lesser offense . . . . *My ruling must not influence you in any way* when you consider whether the accused is guilty or not guilty of the lesser offense. The ruling was governed by a different standard than that which will guide you in determining whether the accused is guilty or not guilty of the lesser offense. A finding of guilty may not be reached unless the government has met its burden of establishing the guilt of the accused beyond a reasonable doubt, and whether this standard of proof has been met is a question which must be determined by you without reference to my prior ruling on the motion for a finding of not guilty.

Department of the Army Pamphlet, 27-9, *Military Judges' Benchbook*, ¶ 2–7–13 (1 January 2010) (emphasis added).

Furthermore, there are numerous potential reasons for a failure of proof other than a lack of credibility by the complaining witness. Trial counsel may have misunderstood a previous statement by a witness or simply have made a mistake in charging. Neither mistake by trial counsel would lead to a logical inference that the complaining witness lacks credibility.

Even if it did logically lead to such an inference in this case, the military judge's instruction did not prejudice the appellant. Trial defense counsel vigorously contested the child's credibility and elicited several differences between her testimony at trial and her previous statements. Even after the panel was provided this instruction, the panel found the appellant not guilty of certain charged conduct testified to by the child. Under these circumstances, there was no material prejudice to a substantial right of the appellant.

*Admission of Propensity Evidence*

After an adult relative found out about the abuse allegation involving the 16-year-old, she divulged that the appellant had done something similar to her in late-1993 or early-1994 when she was 13 and the appellant was a married 23 year old. While staying at the appellant's house, she awoke to find him with one hand inside her nightgown fondling her breast while his other hand attempted to unbutton the front of the nightgown. The appellant contends the military judge abused his discretion by admitting testimony about this incident pursuant to Mil. R. Evid. 413. He does not contest that the predicate conditions for admission of evidence under Mil. R. Evid. 413 were met but argues the military judge abused his discretion when conducting the balancing test under Mil. R. Evid. 403.

Mil. R. Evid. 413(a) provides that "[i]n a court-martial in which the accused is charged with an offense of sexual assault, evidence of the accused's commission of one or more offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant." This includes use to demonstrate an accused's propensity to commit the charged offenses. *United States v. Parker*, 59 M.J. 195, 198 (C.A.A.F. 2003); *United States v. Wright*, 53 M.J. 476, 480 (C.A.A.F. 2000). "[I]nherent in [Mil. R. Evid.] 413 is a general presumption in favor of admission." *United States v. Berry*, 61 M.J. 91, 94–95 (C.A.A.F. 2005) (citation omitted). There are three threshold requirements for admitting evidence of similar offenses in sexual assault cases under Mil. R. Evid. 413: (1) the accused must be charged with a sexual assault offense; (2) the proffered evidence must be evidence of the accused's commission of another sexual assault offense; and (3) the evidence must be relevant under Mil. R. Evid. 401 and 402. *Id.* at 95.

Once these three findings are made, the military judge is constitutionally required to also apply a balancing test under Mil. R. Evid. 403. *See Berry*, 61 M.J. at 95. Mil. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In the Mil. R. Evid. 413 context, the Mil. R. Evid. "403 balancing test should be applied 'in light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible[.]'" *Wright*, 53 M.J. at 482 (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). "The importance of a careful balancing arises from the potential for undue prejudice that is inevitably present when dealing with propensity evidence." *United States v. James*, 63 M.J. 217, 222 (C.A.A.F. 2006). "[T]he term 'unfair prejudice' in the context of Mil. R. Evid. 403 'speaks to the capacity of some concededly relevant evidence to lure the *factfinder* into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Collier*, 67 M.J. 347, 354 (C.A.A.F. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 180, (1997)) (emphasis in original).

Accordingly, in conducting the balancing test, the military judge should consider the following non-exhaustive list of factors to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice: potential distraction of the factfinder; additional time dedicated to prove the prior conduct; likelihood of less prejudicial evidence; strength of proof of the prior act (i.e., conviction versus gossip); probative weight of the evidence; temporal proximity and frequency of the acts; presence or lack of intervening circumstances; and the relationship between the parties. *Wright*, 53 M.J. at 482.

We review an application of Mil. R. Evid. 403 for an abuse of discretion. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). When a military judge conducts a proper Mil. R. Evid. 403 balancing on the record, we will not overturn that decision absent a clear abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009). But, "[w]here the military judge is required to do a balancing test under M.R.E. 403 and does not sufficiently articulate his balancing on the record, his evidentiary ruling will receive less deference." *United States v. Berry*, 61 M.J. 91, 96 (C.A.A.F. 2005).

Here, the military judge articulated the *Wright* factors and his Rule 403 balancing test in his written ruling. His analysis, however, focused on the probative value of the testimony as compared to the temporal proximity of the conduct alleged by the now-adult relative. In his findings of fact, he obliquely referenced the fact that the relative was alone at the time of the offense, recounted her detailed recollection of the event in question, and noted the appellant's relationship to each of the victims. However, the military judge did not incorporate those findings into an explicit balancing of the strength

of proof, availability of less prejudicial evidence, or the existence of a relationship between the parties. He did not comment on the potential distraction of the factfinder, the time needed for presentation of the evidence, or the frequency of the acts. Therefore, we grant him a lower level of deference than we would have had he made detailed findings of fact on the record as to each of the *Wright* factors. In conducting our own analysis of the proffered evidence using the factors articulated in *Wright*, we find the military judge's conclusion was reasonable.

The evidence consisted solely of the relative's testimony, which took little time and presented little distraction at trial. As she was the only person present other than the appellant, there was no other less prejudicial evidence available. As a first-hand account from a witness whose credibility was not substantially challenged, her testimony was strong proof about this incident, though it is somewhat eroded by the substantial passage of time. As the military judge noted, the similarity between the events and the victims is highly probative in weighing the appellant's propensity to commit the offenses alleged. These factors weigh in favor of admission.

The lack of temporal proximity is the strongest factor weighing against admission, but the lack of evidence of other acts of sexual assault and the intervening circumstances entailed in the changes to the appellant's family circumstances and maturity weigh against admission as well. The lack of a direct family relationship between this relative and the appellant reduces the potential for unfair prejudice, but since both victims were to some degree under his care, there is still some risk of unfair prejudice to consider. However, the similarity also suggests a propensity to take advantage of vulnerable young women under his supervision. Overall, this last factor is neutral.

Even affording the military judge only some deference, we conclude, as he did, that the probative value of this evidence was high and that its value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. We therefore find the military judge did not abuse his discretion in admitting this testimony.

*Uncharged Misconduct Evidence*

The appellant next asserts that the military judge erred by permitting testimony that the appellant helped the child change into her pajamas. Although the appellant now argues this was impermissible evidence of uncharged misconduct not offered in accordance with Mil. R. Evid. 404(b), the only objection at trial was relevance.

In order to preserve an issue for appeal, there must be a timely and specific objection at trial. Mil. R. Evid. 103(a)(1). "[Mil. R. Evid.] 103 does not require the moving party to present every argument in support of an objection, but does require

argument sufficient to make the military judge aware of the specific ground for objection, 'if the specific ground was not apparent from the context.'" *United States v. Datz*, 61 M.J. 37, 42 (C.A.A.F. 2005). The appellant argues that the Government's failure to include this evidence in their notice required by Mil. R. Evid. 404(b)(2) renders it inadmissible even if offered for an otherwise permissible purpose. The appellant also argues that, because the military judge failed to conduct a Mil. R. Evid. 403 balancing test on the record, we should afford his ruling no deference.

Despite these arguments on appeal, at trial appellant's counsel made only a vague relevance objection. After allowing six questions on the subject without objection, trial defense counsel eventually objected: "Your Honor, I'm going to object at this point. I don't know how any of this is relevant to any of the charges in this case." The military judge overruled the objection without explanation and directed trial counsel to continue. The appellant's objection was not sufficient to make the military judge aware of any defect in the Government's Rule 404(b)(2) notice. Nor was it sufficient to trigger a balancing test when trial defense counsel's argument was that it was not relevant at all. Accordingly, in the absence of a more specific objection, we apply a plain error standard of review.

We find no plain error in this case. "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (citing *United States v. Rodriguez*, 60 M.J. 87, 88 (C.A.A.F. 2004)). The Government, in proving Specifications 2 through 8 of Charge I, had the burden to prove that the appellant touched the child with the intent to gratify his sexual desire. His conduct in helping her change into pajamas, while not conclusive, would tend to show that intent, as well as establishing his opportunity to engage in the charged offenses. The testimony is relevant and permissible for those non-propensity purposes. The military judge had no reason to know whether proper notice had been provided, and therefore any error in allowing the testimony on that basis was not plain or obvious.

Nor is it obvious that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The evidence was offered during a comparatively brief segment of the victim's direct testimony. Because it related directly in time and location to many of the charged offenses, there was little danger of confusing the members. Nor was there a substantial risk of inducing the members to find him guilty of the charged offenses on the basis of this less invasive conduct rather than her testimony of the actual contact itself. In the absence of plain error, we find no basis for relief under this assignment of error.

*Maximum Punishment*

The appellant also argues that the military judge erred in determining the maximum punishment for the offenses of which he was convicted. "The maximum punishment authorized for an offense is a question of law, which we review de novo." *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011).

At trial, the parties agreed that the appellant was subject to a maximum confinement of 13 years.[4] The appellant now contends that because the President had not yet established a maximum punishment for abusive sexual contact under Article 120(d), UCMJ, as amended by the National Defense Authorization Act (NDAA) for Fiscal Year 2012, the maximum confinement for that offense was limited to 5 years, instead of the 7 years agreed to by the parties at trial. He further argues that the President's change in the sentencing provision is improperly being applied to him retroactively, in violation of the ex post facto clause. We disagree.

The revisions to Article 120, UCMJ, completely replaced the existing Article when they took effect on 28 June 2012. The particular offense of abusive sexual contact of which the appellant was convicted (Article 120(d), UCMJ) was not "listed in Part IV" of the *Manual for Courts-Martial* (*MCM*) for purposes of determining limits on maximum punishment until the President issued an executive order on 15 May 2013, after the appellant's misconduct occurred.[5] *See MCM*, Part IV, ¶ 45. (2012 ed.).

Under those circumstances, the maximum punishment is determined pursuant to Rule for Court-Martial (R.C.M.) 1003(c). For offenses not listed in Part IV, the maximum punishment depends on whether the offense is "included in or closely related to" a listed offense in the *Manual*. R.C.M. 1003(c)(1)(B); *United States v. Finch*, 73 M.J. 144, 147 (C.A.A.F. 2014); *Beaty*, 70 M.J. at 42 n.7.

Although abusive sexual contact under the 2012 Article 120(d), UCMJ,[6] was not listed in Part IV at the time of the appellant's misconduct, there was an identically titled

---

[4] The military judge first granted a defense motion to consolidate, for the purposes of sentencing, Specifications 2 through 8 of Charge I. The parties then agreed that the maximum confinement authorized for Charge I, Specification 1 (indecent acts) was 5 years, for Charge I, Specifications 2 through 8 (abusive sexual contact) was 7 years, and for Charge II, Specification 2 (indecent viewing) was 1 year.

[5] On 15 May 2013, the President amended Paragraph 45 of Part IV of the *Manual for Courts-Martial* (*MCM*), establishing maximum punishments for offenses under Article 120, UCMJ. Exec. Order 13,643, 78 Fed. Reg. 29559 (May 15, 2013); *MCM*, Part IV, ¶ 45 (2012 ed.). The order set the maximum punishment for Abusive Sexual Contact under Article 120(d), as a dishonorable discharge, 7 years of confinement, total forfeitures, and reduction to E-1.

[6] "[Article 120](d) *Abusive Sexual Contact*. Any person subject to this chapter who commits or causes sexual contact upon or by another person, if to do so would violate subsection (b) (sexual assault) had the sexual contact been a sexual act, is guilty of abusive sexual contact and shall be punished as a court-martial may direct." *MCM*, Part IV, ¶ 45.a.(d).

offense listed in Part IV under the 2007 Article 120(h), UCMJ.[7]  To determine whether the two versions of abusive sexual contact are closely related, we compare their statutory elements and definitions.

The elements of the two provisions are substantially similar.  The Analysis of the 2012 changes to Article 120, UCMJ, indicates "Abusive Sexual Contact remain[s] significantly unchanged from the 2007 version of Article 120 except to substitute 'commits' for 'engages in.'"  *MCM*, A23-15.  The definition of "sexual contact," however, is substantially broader in the 2012 statute.  Instead of being limited to certain enumerated body parts, the revised definition "include[s] touching any part of the body with the intent to arouse or gratify the sexual desire of any person." *Id.*  We note that, in this case, the appellant's conduct as alleged in the consolidated specification included contact with the child's breast and inner thigh and thus would also have been within the more limited definition of sexual contact found in the 2007 statute.  We therefore find the two versions of abusive sexual contact are closely-related and the maximum punishment for the appellant's offense included 7 years of confinement, as agreed to at trial.[8]

We also find unconvincing the appellant's argument that, citing *Lindsey v. Washington*, 301 U.S. 397 (1937), the military judge's determination of the maximum punishment constituted a violation of the ex post facto clause.  Although the military judge noted that the President had set the maximum confinement for the new abusive sexual contact offense at 7 years, he also referred to the fact that the previous offense also included that confinement maximum.  As discussed above, since the military judge did not err in determining the maximum confinement for this offense, the application of Executive Order 13,643 would not have increased the punishment and thus would not have violated the ex post facto clause in any event.  Given this conclusion, we find the appellant's ex post facto argument inapposite.

*Findings Argument*

Finally, the appellant contends, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that the military judge erred by allowing impermissible closing argument by trial counsel.  "When no objection is made during the trial, a counsel's arguments are reviewed for plain error." *United States v. Burton*, 67 M.J. 150, 152 (C.A.A.F. 2009) (citing *United States v. Schroder*, 65 M.J. 49, 57–58 (C.A.A.F. 2007)).

---

[7]  "[Article 120](h) *Abusive sexual contact*.  Any person subject to this chapter who engages in or causes sexual contact with or by another person, if to do so would violate subsection (c) (aggravated sexual assault) had the sexual contact been a sexual act, is guilty of abusive sexual contact and shall be punished as a court-martial may direct." *MCM*, A28-2.

[8] We also find persuasive the unpublished opinion of the Navy-Marine Corps Court of Criminal Appeals in *United States v. Symansky*, applying the same analysis to reach the conclusion that the maximum punishment for abusive sexual conduct committed after 28 June 2012 but before 15 May 2013 included confinement for 7 years. *See United States v. Symansky*, NMCCA 201300123, 9-10 (N.M. Ct. Crim. App. 26 November 2013).

The appellant asserts that trial counsel's argument for a lengthy term of confinement so the victim will be old enough to tell the appellant "no" suggested a risk of recidivism unwarranted by the evidence. He also claims that trial counsel's comment on his unsworn statement was improper. In sentencing argument, trial counsel argued to the court:

> Today, the accused came before you and said, "I'm sorry to my family for the pain that came through this process." He didn't tell you, "I'm sorry for the pain I caused you, [the victim]." He didn't tell you, "It's my fault; I did this." He's sorry for the process. That's not a man who's sorry. That's not a man who could be easily rehabilitated.

The appellant suggests that the two sentences beginning with "He didn't tell you," constituted a comment on the appellant's right to remain silent. There was no objection to either line of argument at trial.

Under the plain error test applicable in the absence of a timely objection, we find no prejudicial error. The relevant test is whether "'trial counsel's comments, taken as a whole, were so damaging that we cannot be confident' that [the appellant] was sentenced 'on the basis of the evidence alone.'" *United States v. Erickson*, 65 M.J. 221, 224 (C.A.A.F. 2007) (quoting *Fletcher*, 62 M.J. at 184). In the context of the entire argument, we are confident the oblique references now complained of upon appeal did not impermissibly sway the panel into sentencing the appellant for anything other than the serious, recurring offenses of which he was convicted. Accordingly, the appellant has failed to meet his burden of establishing prejudice, and we reject this assignment of error.

*Sentence Reassessment*

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). This analysis is based on a totality of the circumstances with the following as illustrative factors: dramatic changes in the penalty landscape and exposure, the forum, whether the remaining offenses capture the gravamen of the criminal conduct, whether significant or aggravating circumstances remain admissible and relevant, and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15–16.

Here, there is no change in the penalty landscape from our action excepting certain acts from Charge I, Specification 1. The maximum punishment remained the same. The

sole reason for separating those acts in Charge I, Specification 1 from those in Charge I, Specification 8, and Charge II, Specification 1 was a change in the law, not any difference in culpability. The appellant was convicted in Charge I, Specification 8 and Charge II, Specification 1 of the same type of conduct as described in the excepted language, but later in time, capturing the gravamen of the misconduct and retaining the admissibility and relevance of the surrounding circumstances. We also find that the remaining offenses are of the type that we have experience and familiarity with as appellate judges to determine the sentence that would have been imposed. We have considered the totality of the circumstances and reassess the sentence to the same sentence approved by the convening authority.

*Conclusion*

We affirm Specification 1 of Charge I, excepting the language "touching [the victim's] inner thigh with his hand" and "viewing the naked body of [the victim] by entering the bathroom and opening the shower curtain while the said [victim] was showering; and." We affirm the remainder of the findings. The findings, as modified, and the sentence as reassessed, are correct in law and fact, and no remaining error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence are

AFFIRMED.

MITCHELL, CHIEF JUDGE, Concurring:

I concur with opinion in all aspects except for the amount of deference we should provide to the military judge's ruling on the Mil. R. Evid. 413 motion. The majority finds that the military judge did not sufficiently articulate his reasoning during the Rule 403 balancing test and therefore is afforded only some deference. I disagree and would find that the balancing test performed by the military judge was adequate. The list of factors found in *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000), is neither exclusive nor exhaustive. *See United States v. Dewrell*, 55 M.J. 131, 138 (C.A.A.F. 2001). The military judge listed the *Wright* factors in his written ruling. He then specifically articulated that he considered the temporal distance between the events as weighing against admission but this factor was "greatly outweighed" by the highly probative nature of the two assaults: both involved similar acts against female relatives of similar age who were vulnerable and isolated from others in the appellant's home. The military judge then specifically stated the probative value was not substantially outweighed by any of the concerns listed in Mil. R. Evid. 403. While the military judge did not articulate that he considered all of the *Wright* factors, I conclude that the military judge made a clear record of his balancing test and is therefore entitled to full deference under the "abuse of discretion" standard. *See Dewrell*, 55 M.J. at 138.

Because the majority concludes that the evidence is admissible, I concur with that result.

 FOR THE COURT

STEVEN LUCAS
Clerk of the Court