# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman ALEXANDER J. ROWE
### United States Air Force

### ACM 38482

### 03 March 2015

Sentence adjudged 16 August 2013 by GCM convened at Mountain Home Air Force Base, Idaho. Military Judge: Christopher M. Schumann.

Approved Sentence: Dishonorable discharge, confinement for 2 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Daniel J. Breen; Captain Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Contrary to his plea, a general court-martial composed of officer members found the appellant guilty of forcible sodomy, in violation of Article 125, UCMJ, 10 U.S.C. § 925. The adjudged and approved sentence was a dishonorable discharge, 2 years of confinement, forfeiture of all pay and allowances, and reduction to E-1. The appellant avers two errors: (1) the evidence is legally and factually insufficient; and (2) the military judge erred when, over objection, he admitted evidence of another sexual

assault under Mil. R. Evid. 413. We disagree and affirm the approved findings and sentence.

*Background*

At the time of the alleged events, the appellant was 26 years old with about five years' time in service and two deployments. The victim, Airman First Class (A1C) RM, had been at his first duty station for about one month when he was invited by two friends to spend a weekend at a hotel in Boise. The three friends and three local women shared a hotel room that had three beds. On Saturday, 9 March 2013, A1C RM met his friends and the women at the hotel. The appellant also arrived that evening and brought a large bottle, "a handle," of Captain Morgan rum. A1C RM recalled having about 15 shots of rum and about 6 beers. A1C RM then passed out; he came to later when he was vomiting and then again when he was in the shower. He awoke the next morning to find the appellant performing oral sex on him. He told the appellant to stop, and he did. A1C RM reported the incident to his supervisor a few days later.

A1C JF, a friend of A1C RM, saw A1C RM drinking alcohol with the appellant and advised his friend to slow down his consumption. He was aware that A1C RM later vomited. He was awoken the next morning by a commotion and by A1C RM leaving the hotel room quickly. When he asked the appellant what happened, the appellant told him he was bi-sexual and that "[A1C RM] woke up and I was blowing him."

The appellant testified at trial. He admitted to the following. He drank shots with A1C RM on 9 March 2013 at a hotel party in Boise, Idaho. A1C RM went to bed and woke up vomiting. Although the appellant did not remember helping A1C RM into the shower, he did remember helping him out of it. Even after the shower, A1C RM was so intoxicated he was not capable of coherent conversation. At the same time, the appellant was also intoxicated but was able to have a coherent conversation with another Airman and provide some assistance to A1C RM. The appellant decided to sleep in the same bed as A1C RM even though they had only met that night and it made him "feel uncomfortable a little bit" because of an incident in 2008 where Mr. BH accused him of sexual assault. The appellant later moved from that bed to another vacant bed in the hotel room. The appellant stated that when he awoke in the second bed, his head was on A1C RM's stomach and he saw A1C RM's penis near his face. The appellant asked A1C RM what happened, but A1C RM said not to talk to him and left the room. The appellant testified that he later told A1C JF, "I woke up on [A1C RM], he was naked, I'm bisexual . . . I don't want him thinking that I blew him or something."

*Evidence Admitted under Mil. R. Evid. 413*

Mr. BH testified about a prior sexual assault by the appellant. Mr. BH enlisted in the Air Force in 2008 and met the appellant in technical school. Both of them were assigned to Mountain Home Air Force Base, Idaho, for their first duty station with the

appellant arriving on station first. On Mr. BH's first day at base, the appellant and Mr. BH met up and decided to go out later that evening. The appellant made mixed alcoholic beverages that he and Mr. BH consumed while on their way to a local hookah bar. While at the bar, the local police arrived and gave citations to everyone who was drinking alcohol underage to include Mr. BH who was only 19 years old at the time. This ended that night's drinking off-base. The appellant invited Mr. BH to his dorm room to continue drinking. After they returned to the appellant's room, he encouraged Mr. BH to watch a pornographic movie with him. Mr. BH recalled they viewed some "girl on girl thing" for about 10 to 15 minutes. Mr. BH then fell asleep in the bed while the appellant was to sleep on the floor. Mr. BH woke up to the appellant touching his genitals. Mr. BH rolled away and then the appellant made another attempt. Mr. BH left the appellant's room and reported the assault.

The appellant objected to the admission of this testimony at trial and now renews that argument contending the military judge abused his discretion by admitting testimony about this incident pursuant to Mil. R. Evid. 413. We conclude the military judge did not abuse his discretion.

Mil. R. Evid. 413(a) provides that "[i]n a court-martial in which the accused is charged with an offense of sexual assault, evidence of the accused's commission of one or more offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant." This includes use to demonstrate an accused's propensity to commit the charged offenses. *United States v. Parker*, 59 M.J. 195, 198 (C.A.A.F. 2003); *United States v. Wright*, 53 M.J. 476, 480 (C.A.A.F. 2000). "[I]nherent in [Mil. R. Evid.] 413 is a general presumption in favor of admission." *United States v. Berry*, 61 M.J. 91, 95 (C.A.A.F. 2005). There are three threshold requirements for admitting evidence of similar offenses in sexual assault cases under Mil. R. Evid. 413: (1) the accused must be charged with a sexual assault offense, (2) the proffered evidence must be evidence of the accused's commission of another sexual assault offense, and (3) the evidence must be relevant under Mil. R. Evid. 401 and 402. *Id.* (citations omitted).

Once these three findings are made, the military judge is constitutionally required to also apply a balancing test under Mil. R. Evid. 403. *Id.* Mil. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In the Mil. R. Evid. 413 context, the Mil. R. Evid. "403 balancing test should be applied '[i]n light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible[.]'" *Wright*, 53 M.J. at 482 (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). "The importance of a careful balancing arises from the potential for undue prejudice that is inevitably present when dealing with propensity evidence." *United States v. James*, 63 M.J. 217, 222

(C.A.A.F. 2006). "[T]he term 'unfair prejudice' in the context of [Mil. R. Evid.] 403 'speaks to the capacity of some concededly relevant evidence to lure the *factfinder* into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Collier*, 67 M.J. 347, 354 (C.A.A.F. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Accordingly, in conducting the balancing test, the military judge should consider the following non-exhaustive list of factors to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice: potential distraction of the factfinder; additional time dedicated to prove the prior conduct; likelihood of less prejudicial evidence; strength of proof of the prior act (i.e., conviction versus gossip); probative weight of the evidence; temporal proximity and frequency of the acts; presence or lack of intervening circumstances; and the relationship between the parties. *Wright*, 53 M.J. at 482.

We review an application of Mil. R. Evid. 403 for an abuse of discretion. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). When a military judge conducts a proper Mil. R. Evid. 403 balancing on the record, we will not overturn that decision absent a clear abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009). But, "[w]here the military judge is required to do a balancing test under [Mil. R. Evid.] 403 and does not sufficiently articulate his balancing on the record, his evidentiary ruling will receive less deference." *Berry,* 61 M.J. at 96.

Here, the military judge articulated the *Wright* factors and his Rule 403 balancing test in both his oral and written rulings. In conducting our own analysis of the proffered evidence using the factors articulated in *Wright*, we find the military judge's conclusion was reasonable, and he did not abuse his discretion in admitting the testimony.

The evidence consisted solely of the Mr. BH's testimony, which took little time and presented little distraction at trial. As he was the only person present other than the appellant, there was no other less prejudicial evidence available. In ruling on the pretrial motion, the military judge found Mr. BH to be a credible witness, and the strength of his testimony was not substantially impaired by the cross-examination on inconsistencies or false statements.[*] As a first-hand account from a witness, his testimony was strong proof about this incident, though it is somewhat eroded by the passage of 5 years' time. As the military judge noted, the similarity between the events and the victims is highly probative in weighing the appellant's propensity to commit the offense alleged. The frequency of the prior act was limited to the one occasion. There were no intervening circumstances, and Mr. BH and A1C RM did not know each other.

---

[*] Mr. BH was discharged for a fraudulent enlistment by falsely stating he had never used marijuana.

We conclude, as did the military judge, the probative value of this evidence was high and its value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. We therefore find the military judge did not abuse his discretion in admitting this testimony.

*Legal and Factual Sufficiency*

We review issues of factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] . . . convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324. "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citing *United States v. Rogers*, 54 M.J. 244, 246 (C.A.A.F. 2000)).

After applying the test for legal sufficiency and viewing the evidence in the light most favorable to the prosecution, we conclude the evidence is legally sufficient. Additionally, taking a fresh, impartial look at the evidence in the record and making allowances for not having personally observed the witnesses, we find the evidence factually sufficient beyond a reasonable doubt.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38482